UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CAPITOL RECORDS, INC., a Delaware corporation, :
                                      Plaintiff, :   ECF Case
                                                            :   07-cv-6488
                 - v - :   **COMPLAINT**
CITY HALL RECORDS, INC., a California corporation :
and ROBIN COHN, individually, :
                                    Defendants. :
------------------------------------------------------------------ X

Plaintiff Capitol Records, Inc. ("Capitol"), as and for its complaint (the "Complaint") against Defendants City Hall Records, Inc. ("City Hall") and Robin Cohn ("Cohn"), alleges as follows:

## PARTIES

1. Plaintiff Capitol is a Delaware corporation with its principal place of business at 150 Fifth Avenue, New York, New York, 10011.

2. Upon information and belief, Defendant City Hall is a California corporation with a place of business at 101 Glacier Point, Suite C, San Rafael, CA 94901.

3. Upon information and belief, Defendant Robin Cohn is the owner and principle responsible for City Hall located at 101 Glacier Point, Suite C, San Rafael, CA 94901. On information and belief, he resides at 1 Fairway Drive, San Rafael, CA 94901.

4. Upon information and belief, each Defendant was the agent of each of the other Defendant and, in doing the things alleged in this Complaint, was acting within the course and

scope of such agency.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement arising under 15 U.S.C. §1114, false designation of origin, description or representation under 15 U.S.C. §1125(a) and trademark dilution under 15 U.S.C. §1125(c). This is also an action for common law copyright infringement, unfair competition, and unjust enrichment. This Court has subject matter jurisdiction pursuant to 15 U.S.C §1121, 28 U.S.C. §§1331, 1332, 1338(a)-(b) and supplemental jurisdiction pursuant to 28 § U.S.C. §1367.

6. This Court has personal jurisdiction over Defendants pursuant to NY CPLR §302, because Defendants have transacted business within the state of New York, contracted to supply goods or services in the state of New York, and/or committed tortious acts without the state of New York causing injury to person or property within the state of New York.

7. Venue for this action is properly laid in the United States District Court for the Southern District of New York under the provisions of 28 U.S.C. §§1391(b), 1400(a).

## FACTS

8. Capitol is one of the oldest and most respected companies in the music business. Founded in the 1940's, Capitol has a rich history of producing, recording, manufacturing, marketing, distributing, and selling sound recordings containing performances of musical compositions for some of the most beloved recording artists of our times, including, among others, the historic jazz figures whose recordings are at issue in this case.

9. Capitol continues in that business today as one of the largest record companies in the world, distributing sound recordings throughout the United States and, through its foreign affiliates, across the globe in the form of records, compact discs, cassette tapes, and digital recordings, among others (collectively "albums").

10. Capitol has invested and continues to invest substantial sums of money, time, effort, and creative talent to manufacture, advertise, promote, sell, and license sound recordings embodying the performances of artists with whom they have agreements.  To sell sound recordings, Capitol employs hundreds of individuals who are engaged in the process of making, advertising, promoting, selling, licensing and protecting its music.

11. Capitol has entered into various agreements by which it obtained the sole, exclusive, and complete rights to manufacture, distribute, and sell certain recorded musical performances of popular recording artists, which are subject to protection under federal or state statutory and common law, including but not limited to the sound recordings contained on the albums identified on Exhibit A hereto and incorporated by reference herein ("Plaintiff Recordings").

12. Capitol is compensated for its creative efforts and monetary investments largely from revenue attributable to the sale of sound recordings to the public and the licensing of sound recordings to third parties.

13. Capitol often distributes and sells its sound recordings under one of its famous trademarks, including, among others, the trademarks CAPITOL, BLUE NOTE, IMPERIAL, LIBERTY and ALADDIN (hereinafter, "Capitol's Marks").  These marks are used to promote Capitol's artists and music.

14. Capitol has invested, and continues to invest, substantial sums of money, time, effort, and creative talent to promote and develop goodwill in Capitol's Marks.  It has developed a

strong reputation in these trademarks and works tirelessly to protect and further those reputations.

15. Capitol is the registrant and exclusive owner of the CAPITOL Mark pursuant to the following registrations issued by the U.S. Patent and Trademark Office: Registration No. 1663998 (for pre-recorded phonograph records, magnetic tapes, audio cassette tapes, video cassette tables, compact discs for entertainment and education), No. 1862994 (printed matter; namely, magazines and books all in the field of music and entertainment, sheet music, album covers and jackets for others), and No. 1981100 (sound recordings and video recordings, all featuring music and entertainment), among others. Capitol has continuously and exclusively used the trademark CAPITOL in commerce since the 1940s.

16. Capitol is the registrant and exclusive owner of the BLUE NOTE Mark pursuant to Registration No. 1928363 (musical sound recordings and video recordings featuring music entertainment), among others. Capitol and/or its predecessors in interest have continuously and exclusively used the trademark BLUE NOTE in commerce since 1939.

17. Capitol is the registrant and exclusive owner of the IMPERIAL Mark pursuant to Registration No. 2588213 (musical sound recordings), among others. Capitol and/or its predecessors in interest have continuously and exclusively used the trademark IMPERIAL in commerce since 1956.

18. Capitol is the registrant and exclusive owner of the LIBERTY Mark pursuant to Registration No. 1345827 (phonograph records, audio tape recordings, audio tape cassettes, audio tape cartridges, video tapes and video discs), among others. Capitol and/or its predecessors in interest have continuously and exclusively used the trademark LIBERTY in commerce since 1963.

19. Capitol is the registrant and exclusive owner of the ALADDIN Mark pursuant to Registration No. 2018196 (audio cassettes, tapes, compact discs and phograph records on which musical counsel have been recorded), among others. Capitol and/or its predecessors in interest have continuously and exclusively used the trademark ALADDIN in commerce since 1946.

20. As a result of Capitol's extensive sales, marketing, and advertising of Capitol's Marks in interstate commerce, they have become famous identifiers of top quality sound recordings. Consumers recognize that music sold with Capitol's Marks are from one of the premiere record companies in the world, is of very high quality, and is fully licensed and legitimate. Thus, Capitol's Marks are well known and famous within the scope of 15 U.S.C. §1125 (c).

21. City Hall and Cohn regularly advertise, offer for sale, promote, exploit and otherwise distribute within the state of New York and elsewhere sound recordings manufactured by companies that have no legal right to manufacture or distribute the recordings within the United States. Those companies include, but are not limited to: Proper, Memoir, Universe, Taragon, Corinthian, Cimarron, Akarma and Acrobat, among many others.

22. The Infringing Albums that Defendants City Hall and Cohn have sold, advertised, offered for sale, promoted, exploited and/or otherwise distributed without authority within the state of New York and elsewhere, embody performances by a large number of legendary artists, including but not limited to: Nat King Cole, Frank Sinatra, Bud Powell, Stan Kenton, Dean Martin, Miles Davis, Les Paul, Lester Young, Woody Herman, Thelonious Monk and Yma Sumac, among others. These artists are well known to have been signed to major recording labels, including Capitol, and that the rights to many of these artists' sound recordings are owned by Capitol.

23. Included among the many titles that City Hall and Cohn have sold, advertised, offered for sale, promoted, exploited and/or otherwise distributed without authority within the state of New York and elsewhere, are the albums set forth on Exhibit A. These albums are not an exhaustive list of the infringing sound recordings that City Hall and Cohn have improperly sold, advertised, offered for sale, promoted, exploited and/or otherwise distributed without authority; rather, they are a sample of the many infringing albums in which they have conducted business. Among the sound recordings on these albums (for example, Nat King Cole's *Here's to My Lady*, Miles Davis' *Young Miles*, and Frank Sinatra's *Young at Heart*) are many bedrocks of the jazz genre.

24. None of the Plaintiff Recordings has ever been licensed to City Hall or Cohn for distribution in the United States. Nor are City Hall or Cohn authorized to create derivative works based on Plaintiff Recordings.

25. On information and belief, Defendants City Hall and Cohn intentionally and willfully promote, advertise, offer for sale, exploit, and distribute sound recordings owned and/or licensed to others, including Capitol. By doing so, Defendants take advantage of all of the investment the sound recording owners and licensors have made in creating and promoting the works, and avoid the costs associated with licensing those works and paying royalties. Moreover, Defendants have offered to sell and sold Plaintiff's recordings, using Capitol's Marks, to Plaintiff's customers and distributors.

26. On information and belief, City Hall and Cohn are continuing to sell, advertise, offer for sale, promote, exploit and/or otherwise distribute Plaintiff Recordings, for commercial advantage and private financial gain.

27. In order to promote and advertise the sale of the Infringing Albums, City Hall and

Cohn have used and adopted Capitol's Marks. The trademarks are regularly used by City Hall and Cohn on their website and in their catalog in order to promote the sale of the Infringing Albums.

28. Neither City Hall nor Cohn has obtained any rights, licenses, or authorization of any sort which would permit them to use Capitol's Marks.

29. On information and belief, by reason of City Hall's and Cohn's adoption and use of the Capitol's Marks, existing and potential customers of both Capitol and City Hall, as well as members of the public, believe there is a sponsorship, affiliation, licensing, and/or other business relationship between Capitol and City Hall and Cohn, when in fact no such relationship exists.

30. On information and belief, City Hall and Cohn infringed, and are continuing to infringe, Capitol's Marks with knowledge of the likelihood of confusion and dilution of Capitol's Mark, and with knowledge that such confusion and dilution would cause harm to Capitol.

31. On June 10, 2006, Plaintiff's representative sent a letter by Certified Mail, Return Receipt Requested to Robin Cohn and City Hall informing them of the unauthorized distribution of sound recordings owned and/or controlled by Plaintiff and its affiliates. The June 10, 2006 letter demanded, among other things, that City Hall and Cohn cease and desist its illegal distribution and contact Plaintiff's representative immediately.

32. On June 19, 2006, Defendants City Hall and Cohn responded by assuring Plaintiff that they would "take all reasonable steps to insure that no rights are infringed," and that "City Hall secures written assurances from each supplier that they have all rights to such items."

33. Despite these assurances, City Hall and Cohn continue to promote, advertise, and offer for sale the very same albums by the very same artists described in Plaintiff's correspondence to Defendants.

34. Upon information and belief, Defendants have acted willfully in violating and/or otherwise misappropriating Plaintiff's rights in the Plaintiff Recordings.

35. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  On information and belief, unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights.  Plaintiff is entitled to preliminary and permanent injunctive relief.

36. Upon information and belief, Defendants' actions have resulted in damages of at least $1,000,000.

## COUNT I
## COMMON LAW COPYRIGHT INFRINGEMENT

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. The conduct of Defendants was and continues to be copyright infringement under New York common law with respect to the Plaintiff Recordings, as set forth on Exhibit A.

39. Plaintiff has been injured and continues to suffer irreparable injury for which there is no adequate remedy at law as a result of Defendants' unlawful and inequitable conduct.

## COUNT II
## UNFAIR COMPETITION

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The conduct of Defendants as alleged above was and continues to be unfair competition under New York common law.

42. Plaintiff has been injured and continues to suffer irreparable injury for which there is no adequate remedy at law as a result of Defendants' unlawful and inequitable conduct.

### COUNT III
### UNJUST ENRICHMENT

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Defendants have profited from their unlawful activities, including distributing, selling, promoting and/or otherwise exploiting the Plaintiff Recordings, thereby reaping financial rewards without having to pay the costs required to license or create the material that it used.

45. By unlawfully taking Plaintiff's property and using it in the Infringing CDs without properly compensating Plaintiff, Defendants have obtained a windfall and have been enriched at Plaintiff's detriment and expense. Such actions constitute unjust enrichment.

46. Plaintiff has been injured as a result of Defendants' unlawful and inequitable conduct, and equity and good conscience require restitution.

### COUNT IV
### FEDERAL TRADEMARK INFRINGMENT
### (15 U.S.C. §1114)

47. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Defendants' continued use of Capitol's Marks to market, promote and sell sound recordings is likely to cause confusion with Capitol's use of its trademarks in connection with related

goods and services. Therefore, Defendants' use of Capitol's Marks is likely to cause confusion, mistake and deception among consumers and the general public as to Capitol's affiliation with Defendant, thereby causing loss, damage, and injury to Capitol and the purchasing public.

49. City Hall's use of Capitol's Marks for goods related to sound recordings constitutes infringement of Capitol's U.S. trademark registrations and related rights under U.S. trademark laws, including 15 U.S.C. §1051, et seq. and 15 U.S.C. §1114.

50. On information and belief, such infringement was and continues to be deliberate, willful, and with bad faith intent to appropriate the goodwill associated with the Capitol's Marks.

51. On information and belief, City Hall and Cohn knew or should have known that their adoption and continued use of Capitol's Marks would cause confusion, mistake or deception among consumers and the public.

52. On information and belief, City Hall and Cohn knew of Capitol's reputation and, by adopting and continuing to use Capitol's Marks, it intended to appropriate the goodwill associated with Capitol's federally registered trademarks.

53. Based on the foregoing actions taken by City Hall and Cohn, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

54. By reason of the aforementioned actions taken by City Hall and Cohn, Capitol has suffered monetary damages in an amount to be proven at trial.

55. By reason of the aforementioned actions taken by City Hall and Cohn, Capitol is entitled to the full range of relief available under the provisions of the Lanham Act and the laws of the United States relating to trademarks and unfair competition, including 15 U.S.C. §§1116-1118.

## COUNT V
## FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE LANHAM ACT
## (15 U.S.C. §1125(a))

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. Capitol's Marks are designations of origin, identifying Capitol as the exclusive source of goods and services sold under those marks, and distinguishes and represents Capitol's goods and services in the marketplace.

58. The foregoing actions taken by City Hall and Cohn constitute false designations of origin, misrepresentations and unfair competition in violation of 15 U.S.C. §1125(a).

59. On information and belief, City Hall's and Cohn's conduct have been knowing, willful, and deliberate, and was intended to cause mistake or to deceive, completely disregarding Capitol's rights in Capitol's Marks.

60. As a result of City Hall's and Cohn's willful disregard of Capitol's rights, Capitol has suffered and will continue to suffer irreparable harm to its rights and substantial loss of goodwill and reputation.

61. Defendants' wrongful acts, as alleged above, have permitted it to profit from the strength of Capitol's Marks, in an amount not presently known but to be determined at trial..

62. Based on the foregoing actions taken by City Hall and Cohn, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

63. By reason of the aforementioned actions taken by City Hall and Cohn, Capitol has suffered monetary damages in an amount to be proven at trial, and has been willfully deprived of the value of its federally registered marks as a commercial asset in an amount to be proven at trial.

64. By reason of the aforementioned actions taken by City Hall and Cohn, Capitol is entitled to the full range of relief available under the provision of the Lanham Act and the U.S. laws relating to trademarks and unfair competition, including 15 U.S.C. §§1116-1118.

## COUNT VI
## TRADEMARK DILUTION UNDER THE LANHAM ACT
## (15 U.S.C. §1125(c))

65. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Capitol's Marks are distinctive and famous trademarks within the meaning of 15 U.S.C. §1125(c)(1).

67. City Hall's and Cohn's continued use of Capitol's Marks causes dilution of the distinctive quality of Capitol's famous marks.

68. On information and belief, City Hall and Cohn willfully intended to appropriate the goodwill associated with Capitol and its famous trademarks, and to cause dilution to the marks.

69. By reason of the aforementioned actions taken by City Hall and Cohn, Capitol has suffered monetary damages in an amount to be proven at trial, and has been willfully deprived of the value of its federally registered marks as a commercial asset in an amount to be proven at trial.

70. By reason of the aforementioned actions taken by City Hall and Cohn, Capitol is entitled to the full range of relief available under the provision of the Lanham Act and the laws of the United States relating to trademarks and unfair competition, including 15 U.S.C. §1116-1118.

WHEREFORE, Plaintiff seeks judgment as follows:

    a.    that Defendants be adjudged to have infringed Capitol's Marks in violation of 15

U.S.C. §1114;

      b.      that Defendants be adjudged to have violated the provisions of 15 U.S.C. §1125(a) in competing unfairly with Capitol, by using false designations of origin, false descriptions and representations in commerce to the damage of Capitol;

      c.      that Defendants be adjudged to have violated the provisions of 15 U.S.C. §1125(c) in causing dilution of the distinctive quality of Capitol's Marks;

      d.      that Defendants' trademark infringements, trademark dilutions, false designations of origin, and unfair competition be determined to be deliberate and willful;

      e.      that Defendant, its officers, directors, owners, partners, employees, servants, and agents, and all those persons in active concern and participation with the defendant, and Cohn be enjoined and restrained from violating Capitol's rights by way of:

      (i)      distributing, selling, promoting, or otherwise exploiting the Plaintiff Recordings or any other works owned or exclusively licensed by Capitol, including but not limited to Exhibit A;

      (ii)      using Capitol's registered trademarks, or any other confusingly similar trademarks for or in connection with advertising, marketing, promoting, selling or distributing goods or services which are likely to cause confusion, mistake or deception with Capitol's names, marks and designations;

      (iii)      practicing trademark infringement, false designation of origin, trademark dilution, false advertising, unfair competition, and unfair trade practices or misappropriation against Capitol;

      (iv)      practicing any conduct aimed at or likely to result in diverting business intended for Capitol or injuring Capitol's goodwill and business reputation by way of imitation, misrepresentation, false statements, advertisements, fraud and/or deception;

      f.      that Plaintiff be awarded actual and compensatory damages for Defendants' unlawful and inequitable activities;

- 14 -

    g.    that Plaintiff be awarded a disgorgement of Defendants' gains, profits, and advantages derived from Defendants' unlawful and inequitable activities;

    h.    that Plaintiff be awarded punitive or enhanced damages for Defendants' willful behavior, including but not limited to treble damages under 15 U.S.C. § 1117(a);

    i.    that Plaintiff be awarded their reasonable attorneys' fees;

    j.    that Plaintiff be awarded the costs of this action; and

    k.    that Plaintiff be granted such other relief as the Court deems just and proper.

Dated: New York, New York
July 16, 2007

CAPITOL RECORDS, INC.

By: /s/_____
Matthew J. Oppenheim (MO1313)
Oppenheim Group
Attorney for Plaintiff

7304 River Falls Drive
Potomac, MD  20854
301-299-4986
866-766-1678 (fax)

matt@oppenheimgroup.net