UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| CAPITOL RECORDS, INC., | : |
| Plaintiff, | : |
| v. | : 07 Civ. 6488 (LTS)(KNF) |
| CITY HALL RECORDS, INC., and ROBIN COHN, | : STIPULATED PROTECTIVE ORDER |
| Defendants. | : |

-------------------------------------------------------------------X

      Plaintiff and Defendants hereby stipulate and agree as follows pursuant to Fed. R. Civ. P. 26(c).

      1.    Any party or nonparty may designate as "CONFIDENTIAL" any documents or other information containing proprietary, non-public business or financial information produced in connection with this action. The "CONFIDENTIAL" designation may be applied to documents, answers to interrogatories or requests to admit, as well as deposition transcripts. All materials to which a party or nonparty has applied the "CONFIDENTIAL" designation shall hereafter be referred to as "Confidential Material." This Protective Order shall apply to all Confidential Material so designated whether produced informally or in response to formal discovery requests.

      2.    Any party or nonparty producing or filing a document or thing in connection with this action may designate it at the time of its production as "Confidential Material" by typing or stamping on its face (without obscuring or defacing the material) "Confidential," "Confidential

Subject to Protective Order" or words of similar import. The parties agree to exercise good faith in evaluating whether materials should be designated as "Confidential Material" pursuant to this Protective Order.

3. Subject to the terms of this Protective Order, any Confidential Material shall be used by the persons to whom it is disclosed solely for preparation for the trial of this action, and any subsequent appellate proceedings; it shall not be used by such persons for any other purpose unless such purpose is authorized in writing by the party or nonparty who furnished it.

4. Confidential Material may only be disclosed to the following persons and subject to the following conditions:

(a) Legal counsel to the parties, their successors and their respective partners, associates, law clerks and legal assistants who are participating in or providing services for the prosecution or defense of the action;

(b) Designated representatives, in the case of parties who are natural person, and officers and employees, in the case of corporate parties, to whom disclosure is necessary for the prosecution, defense or settlement of this action, but no more than five such individuals for any one party;

(c) Independent experts and consultants employed, consulted or retained by the parties or the parties' counsel to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of the action;

(d) Court reporters and their support personnel for purposes of preparing deposition and trial transcripts;

(e) The author(s), sender(s), addressee(s) and copy recipient(s) of Confidential Material;

(f) The Court, its staff, and support personnel;

(g) Any settlement conference officer or mediator to whom disclosure of Confidential Material is permitted by the Parties in writing; and

(h) Percipient witnesses called to testify in a deposition or at trial, but only for purposes of such testimony.

5. To the extent any Confidential Material is filed with the Court, whether as an exhibit to a submission or referenced within a submission, the submission and any envelope in which it is contained shall prominently bear the legend: "CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER – TO BE FILED UNDER SEAL." Any such submission shall be treated by the Court as having been filed under seal thereafter.

6. Before disclosing Confidential Material to any persons referenced in paragraph 4(b) and (c), counsel shall provide a copy of this Protective Order to such persons, shall advise them that they are governed by its provisions, and shall instruct them not to use Confidential Material in any manner contrary to the terms of this Protective Order. Counsel shall cause each such person(s) to execute a copy of a "Consent to be Bound," the form of which is attached hereto as Exhibit "A."

7. If any party disagrees with respect to the designation of any documents or materials as Confidential Material, in whole or in part, it shall notify the Designating Party of its disagreement in writing, and the Designating Party and the objector(s) will thereupon confer as to the status of the subject information within ten (10) days (or such other time as the parties may

agree upon) after the Designating Party receives the written notification.  If prior to, or at the time of such a conference, the Designating Party withdraws its designation of such information as being subject to this Order, the Designating Party shall express the withdrawal in writing.  If the objector and Designating Party are unable to agree upon the status of the documents or materials designated as Confidential Material, at the time of the conference, the objector may, within ten (10) days (or such other time as the parties may agree upon) after the conference, file with the Court a motion for an order that the documents or materials shall not be subject to this Protective Order.  If such a motion is filed, the documents and materials at issue shall continue to be treated as Confidential Material pending resolution of the issue by this Court.  In the event of such a disagreement, the objector will have the burden of pursuing any relief desired, but the Designating Party shall bear the burden of justifying the appropriateness of and/or need for the designation.

8. This Protective Order shall be without prejudice to the rights of the parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so.  The terms of this Protective Order shall not affect the right of any person to seek and secure greater protection for particularly sensitive Confidential Material or to seek whatever further relief is available under the Federal Rules of Civil Procedure.

9. This Protective Order shall continue in full force and effect with respect to all Confidential Material, whether or not offered into evidence at the trial of this action, until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. At the conclusion of this action (including any appeals), all such Confidential Material, with the exception of deposition transcripts, deposition exhibits, discovery responses,

trial transcripts and trial exhibits, shall be returned to the party who produced it and no party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies or any such Confidential Material.

10. This Protective Order is without prejudice to the right of any party or nonparty to object to the discovery, production and/or admissibility of any Confidential Material, document or evidence on grounds other than confidentiality or to bring before the Court at any time the question of whether any particular Confidential Material is or is not relevant to any issues in, or to the subject matter of, this action, and such right is hereby expressly reserved.  The designation of Confidential Material pursuant to this Protective Order shall not be construed as an admission of the relevance of such Confidential Material in the trial of this action.

11. Nothing contained herein shall prevent any party or nonparty from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order.   This Protective Order may be amended without leave of Court by the agreement of counsel for the parties in the form of a Protective Order that shall be filed with the Court.

12. Notwithstanding whether this Protective Order becomes an order of the Court, or is modified by the Court, the Parties hereto agree to be bound by the terms of the Protective Order until such time as it is superseded by Order of the Court.

13. This Protective Order and the embodied agreements shall survive the termination of the action and continue in full force and effect.

Dated: January 16, 2008

| Attorney for Plaintiff | Attorney for Defendants |
|---|---|
| /s/ | /s/ |
| Matthew J. Oppenheim | Michael Kelleher |
| The Oppenheim Group<br>7304 River Falls Drive<br>Potomac, MD  20854<br>301-299-4986<br>866-766-1678 (fax)<br>matt@oppenheimgroup.net | Folger Levin & Kahn<br>275 Battery Street, 23rd Floor<br>San Francisco, CA  94111<br>(415) 986-2800<br>(415) 986-2827 (fax)<br>mkelleher@flk.com |

**SO ORDERED:**

_____

**Dated:**_____

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Protective Order in the action entitled *Capitol Records, Inc. v. City Hall Records, Inc. et al*, (07-cv-6488) pending in the United States District Court for the Southern District of New York, understands the terms thereof, and agrees to be bound by such terms.


DATED: _____        By: _____

                                                                                       Name:_____