UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CAPITOL RECORDS, INC., :

        Plaintiff, :

   -vs- :   Civil Action No: 07-CV-6488 (LTS)(KNF)

CITY HALL RECORDS, INC. and ROBIN COHN, :

        Defendants. :   **PRELIMINARY PRE-TRIAL STATEMENT**

:
---------------------------------------------------------------x

    The parties, having conferred, respectfully submit this Preliminary Pre-Trial Statement in accordance with section 4 of the Court's Initial Conference Order dated August 31, 2007.

    a.    <u>Statement of the nature of this action:</u>

    Plaintiff alleges that Defendants have been engaged in the business of selling unlicensed sound recordings owned by Plaintiffs, and that Defendants have been using Plaintiffs well known trademarks to do so. Plaintiffs have asserted a variety of federal trademark and state law claims, including federal trademark infringement, false designation of origin, trademark dilution, common law copyright infringement, unfair competition and unjust enrichment to recover damages and an injunctive relief. In paragraph 21 of the Amended Complaint, Plaintiff has identified a number of the unauthorized labels Defendant is distributing, including Proper, Memoir, Universe, Akarma, Living Era and Avid. Exhibit A to Plaintiff's Amended Complaint lists a sample of the unauthorized albums Defendant is distributing.

    b.    <u>Parties' positions as to the basis of this Court's jurisdiction:</u>

    This Court has federal question jurisdiction over this action due to the trademark claims asserted by Plaintiff. Plaintiff asserts that supplemental jurisdiction should be exercised over the state law claims. Defendants expect that discovery will show that many of the recordings at

issue do not involve trademark issues, and Defendants reserve the right to contest supplemental jurisdiction over claims which do not involve federal trademark issues.

   c. <u>Material uncontested or admitted facts:</u>

Defendants have admitted certain factual allegations in their answer to Plaintiffs' original complaint, but before discovery from Plaintiff, Defendants cannot identify which additional material facts will be uncontested.

   d. <u>Uncontested legal issues:</u>

Defendants have admitted certain legal allegations in their answer to Plaintiff's original complaint, but before discovery from Plaintiff, Defendants cannot identify which additional legal issues will be uncontested.

   e. <u>Legal issues to be decided by the Court:</u>

    (1) The existence of trademark and/or copyright rights of Plaintiff in the recordings described in the amended complaint;

    (2) Whether Defendants are entitled to the equitable defenses of waiver, laches, estoppel, acquiescence and unclean hands;

    (3) Whether Plaintiff can prove its alleged damages with sufficient specificity.

   f. <u>Material Disputed Facts:</u>

    (1) The existence of trademark and/or copyright rights of Plaintiff in the recordings described in the amended complaint;

    (2) Whether Defendants' acts or omissions infringed and/or diluted Plaintiff's alleged trademark and/or copyright rights;

    (3) Whether Defendants' are entitled to any defenses, including but not limited to the defenses of statute of limitations, abandonment, fair use, justification and/or failure to mitigate damages.

  g. <u>Plaintiff's statement of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon:</u>

 Plaintiff asserts the following causes of action against Defendants:

  (1) Common law copyright infringement;

  (2) Unfair competition;

  (3) Unjust enrichment;

  (4) Federal trademark infringement; 15 U.S.C. § 1114;

  (5) False designation of origin, description and representation under the Lanham Act; 15 U.S.C § 1125(a);

  (6) Trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c)

  h. <u>Legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party:</u>

 Defendants investigation and discovery is continuing and, therefore, Defendants reserve the right to assert additional defenses and rely on additional statutory, regulatory and judicial authority in support of its defenses at trial and in subsequently filed pleadings and motions in this action. At this time, in addition to contesting and/or refuting the material allegations in Plaintiff's amended complaint, Defendants expect to assert the following defenses:

  (7) Statute of limitations; CPLR 214;

  (8) Waiver; *Dice v. Inwood Hills Condominium*, 655 N.Y.S. 2d 562 (1997);

  (9) Estoppel; 15 U.S.C. § 1115(b)(8); *Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199 (11th Cir. 1997); *Electrolux Corp. v. Val-Worth Inc.,* 6 N.Y. 2d 556 (1959);

  (10) Laches; 15 U.S.C. § 1115(b)(8); *Natron Corp v. STMicroelectronics Inc.*, 305 F.3d 397 (6th Cir. 2002); *Eppendorf-Netheler-Hinz GmbH v. Enterton Co.*, 89 F. Supp. 2d 483 (S.D.N.Y. 2000);

  (11) Acquiescence; 15 U.S.C. § 1115(b)(8); *Pappan Ent. Inc. v. Hardee's Food Systems, Inc.*, 143 F.3d 800 (3rd Cir. 1998);

    (12)    Unclean hands; *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933); *Fogel v. Bolet*, 91 N.Y.S. 2d 642 (1949);

    (13)    Abandonment; 15 U.S.C. § 1115(b)(2); *ITC Ltd v. Punchgini, Inc.*, 482 F.3d 135 (2d Cir. 2007); *Rockowitz Corset & Brassiere Corp. v. Madam X Co.*, 248 N.Y. 272 (1928);

    (14)    Fair use; 15 U.S.C. §§ 1115(b)(4) & 1125(c)(3)(A); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139 (9th Cir. 2002);

    (15)    Justification; *Roberts v. Conde Nast Pub.,* 146 N.Y.S. 2d 493 (1955);

    (16)    Failure to mitigate damages; *Henry Hall Sons Co. v. Sundstrom & Stratton Co.,* 123 N.Y.S. 390 (1910).

    i.    <u>Statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense:</u>

Plaintiff bears the burden of proof as to all of its causes of action and must prove the essential elements of each cause of action by a preponderance of the evidence. Defendants bear the burden of proof as to their affirmative defenses and must prove the essential elements of each of its affirmative defenses by a preponderance of the evidence.

    j.    <u>Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore:</u>

As stated in the Proposed Case Management Plan filed by the parties on January 17, 2008, the parties stipulate that the deadline to amend pleadings and join additional parties shall be June 1, 2008.

    k.    <u>A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented):</u>

As stated in the Proposed Case Management Plan filed by the parties on January 17, 2008, the parties do not consent, at this time, to conducting all further proceedings before a Magistrate Judge.

    l.    <u>What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(l) were made or will be made:</u>

As stated in the Proposed Case Management Plan filed by the parties on January 17, 2008, initial disclosures shall be served on or before February 1, 2008.

      m.    <u>The subjects on which disclosure may be needed and a proposed discovery cut-off date:</u>

The subjects on which disclosure may be needed include the existence of the trademark/copyright rights Plaintiff alleges in the amended complaint, Plaintiff's alleged damages, Defendants' refutation of the material allegations in the amended complaint, Defendants' refutation of Plaintiff's alleged damages, and Defendants' defenses.  As stated in the Proposed Case Management Plan filed by the parties on January 17, 2008, the parties stipulate that all fact discovery, including depositions, shall be completed by October 31, 2008.

      n.    <u>Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.</u>

Expert evidence will most likely be required on the issue of damages.  As stated in the Proposed Case Management Plan filed by the parties on January 17, 2008, the parties stipulate that expert reports shall be exchanged by November 30, 2008, and expert discovery shall be completed by January 31, 2009.

      o.    <u>What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.</u>

At this time, the parties do not anticipate that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of Court.

      p.    <u>The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.</u>

The parties have discussed the possibility of settling this case.  The prospects for settlement cannot be evaluated at this time.

      q.    <u>A statement by each party as to whether the case is to be tried with or without a jury, and the number oaf trial days expected to be needed for the presentation of that party's case:</u>

As stated in the Proposed Case Management Plan filed by the parties on January 17, 2008, the parties do not, at this time, consent to waive a jury trial. The parties anticipate that a trial of this case will take two to three days.

r.    <u>Any other orders that should be entered by the Court under Fe. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c)</u>:

As stated in the Proposed Case Management Plan filed by the parties on January 17, 2008, the parties agree that a Protective Order will be necessary in this case in order to preserve confidential business information exchanged during the course of the litigation. A proposed Protective Order is attached to the Proposed Case Management Plan.

Dated: January 18, 2008

*Attorney for Plaintiff*                              *Attorney for Defendants*

By: _____          By:_____
   Matthew J. Oppenheim, Esq.                    Jura C. Ziba
                                                                       Joanne J. Romero

   The Oppenheim Group
   7304 River Falls Drive                                Lewis Brisbois Bisgaard & Smith LLP
   Potomac, MD  20854                                199 Water Street, 25th Floor
   301-299-4986                                            New York, NY 10038
   866-766-1678 (fax)                                   (252) 232-1300
   matt@oppenheimgroup.net                       (212) 232-1399(fax)
                                                                      zibas@lbbslaw.com

20041\2001\584240.1