```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
CAPITOL RECORDS, INC., a Delaware corporation,      )
                                                    )   ECF Case
                            Plaintiff,              )   07-cv-6488 (LTS) (KNF)
                                                    )
           - v -                                    )   ANSWER TO AMENDED
                                                    )   COMPLAINT
CITY HALL RECORDS, INC., a California corporation and )
ROBIN COHN,                                         )
                                                    )
                            Defendants.             )
------------------------------------------------------------------------ X
```

Defendants CITY HALL RECORDS, INC. ("City Hall") and ROBIN COHN (collectively, "Defendants") by their attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, as and for their answer to the amended complaint of plaintiff CAPITOL RECORDS, INC. ("Capitol" or "Plaintiff"), a Delaware corporation, dated January 7, 2008 (the "Amended Complaint"), in the above captioned action, allege upon information and belief as follows:

## PARTIES

1.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Amended Complaint.

2.      Admit that City Hall is a California corporation with a place of business at 101 Glacier Point, Suite C, San Rafael, CA 94901.

3.      Admit the allegations contained in paragraph "3" of the Amended Complaint.

4.      Deny the allegations contained in paragraph "4" of the Amended Complaint.

## JURISDICTION AND VENUE

5.      Neither admit nor deny the allegations contained in paragraph "5" of the Amended Complaint, as such constitute a legal conclusion to which no response is required, except, to the

extent a response is, in fact, required, denies the allegations and respectfully refers all questions of law to the Court for its consideration.

6. Neither admit nor deny the allegations contained in paragraph "6" of the Amended Complaint with regard to personal jurisdiction, as such constitute a legal conclusion to which no response is required, except, to the extent a response is, in fact, required, denies the allegations and respectfully refers all questions of law to the Court for its consideration.

7. Neither admit nor deny the allegations contained in paragraph "7" of the Amended Complaint with regard to personal jurisdiction, as such constitute a legal conclusion to which no response is required, except, to the extent a response is, in fact, required, denies the allegations and respectfully refers all questions of law to the Court for its consideration.

## FACTS

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Amended Complaint.

11. Deny the allegations contained in paragraph "11" of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the first sentence

contained in paragraph "14" of the Amended Complaint, but Deny the allegations contained in the second sentence of paragraph "14" of the Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Amended Complaint.

20. Deny the allegations contained in paragraph "20" of the Amended Complaint.

21. Deny the allegations contained in paragraph "21" of the Amended Complaint.

22. Deny the allegations contained in paragraph "22" of the Amended Complaint.

23. Deny the allegations contained in paragraph "23" of the Amended Complaint.

24. Deny the allegations contained in paragraph "24" of the Amended Complaint.

25. Deny the allegations contained in paragraph "25" of the Amended Complaint.

26. Deny the allegations contained in paragraph "26" of the Amended Complaint.

27. Deny the allegations contained in paragraph "27" of the Amended Complaint.

28. Deny the allegations contained in paragraph "28" of the Amended Complaint.

29. Deny the allegations contained in paragraph "29" of the Amended Complaint.

30. Deny the allegations contained in paragraph "30" of the Amended Complaint.

31. Admit that Plaintiff sent Defendants a cease and desist letter, but deny the truth of the allegations contained therein.

32. Admit the allegations contained in paragraph "32" of the Amended Complaint.

33. Deny the allegations contained in paragraph "33" of the Amended Complaint.

34. Deny the allegations contained in paragraph "34" of the Amended Complaint.

35. Deny the allegations contained in paragraph "35" of the Amended Complaint.

36. Deny the allegations contained in paragraph "36" of the Amended Complaint.

## COUNT I
## COMMON LAW COPYRIGHT INFRINGEMENT

37. Defendants repeat and incorporate their responses to paragraphs "1" through "36" of the Amended Complaint.

38. Deny the allegations contained in paragraph "38" of the Amended Complaint.

39. Deny the allegations contained in paragraph "39" of the Amended Complaint.

## COUNT II
## UNFAIR COMPETITION

40. Defendants repeat and incorporate their responses to paragraphs "1" through "39" of the Amended Complaint.

41. Deny the allegations contained in paragraph "41" of the Amended Complaint.

42. Deny the allegations contained in paragraph "42" of the Amended Complaint.

## COUNT III
## UNJUST ENRICHMENT

43. Defendants repeat and incorporate their responses to paragraphs "1" through "42" of the Amended Complaint.

44. Deny the allegations contained in paragraph "44" of the Amended Complaint.

45. Deny the allegations contained in paragraph "45" of the Amended Complaint.

46. Deny the allegations contained in paragraph "46" of the Amended Complaint.

## COUNT IV
## FEDERAL TRADEMARK INFRINGEMENT

47. Defendants repeat and incorporate their responses to paragraphs "1" through "46" of the Amended Complaint.

48. Deny the allegations contained in paragraph "48" of the Amended Complaint.

49. Deny the allegations contained in paragraph "49" of the Amended Complaint.

50. Deny the allegations contained in paragraph "50" of the Amended Complaint.

51. Deny the allegations contained in paragraph "51" of the Amended Complaint.

52. Deny the allegations contained in paragraph "52" of the Amended Complaint.

53. Deny the allegations contained in paragraph "53" of the Amended Complaint.

54. Deny the allegations contained in paragraph "54" of the Amended Complaint.

55. Deny the allegations contained in paragraph "55" of the Amended Complaint.

## COUNT V
## FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE LANHAM ACT
## (15 U.S.C. §1125(a))

56. Defendants repeat and incorporate their responses to paragraphs "1" through "55" of the Amended Complaint.

57. Deny the allegations contained in paragraph "57" of the Amended Complaint.

58. Deny the allegations contained in paragraph "58" of the Amended Complaint.

59. Deny the allegations contained in paragraph "59" of the Amended Complaint.

60. Deny the allegations contained in paragraph "60" of the Amended Complaint.

61. Deny the allegations contained in paragraph "61" of the Amended Complaint.

62. Deny the allegations contained in paragraph "62" of the Amended Complaint.

63. Deny the allegations contained in paragraph "63" of the Amended Complaint.

64. Deny the allegations contained in paragraph "64" of the Amended Complaint.

## COUNT VI
## TRADEMARK DILUTION UNDER THE LANHAM ACT
## (15 U.S.C. §1125(c))

65. Defendants repeat and incorporate their responses to paragraphs "1" through "64" of the Amended Complaint.

66. Deny the allegations contained in paragraph "66" of the Amended Complaint.

67. Deny the allegations contained in paragraph "67" of the Amended Complaint.

68. Deny the allegations contained in paragraph "68" of the Amended Complaint.

69. Deny the allegations contained in paragraph "69" of the Amended Complaint.

70. Deny the allegations contained in paragraph "70" of the Amended Complaint.

Defendants deny that Plaintiff is entitled to judgment in its favor as requested in paragraphs (e) through (k).

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses to the claims made in the Amended Complaint. In doing so, Defendants do not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff does not own the trademarks and copyrights in the underlying works upon which were based those claims asserted by it against Defendants in this civil action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Recordings as defined in the Amended Complaint by Capitol Records, Inc.

lack sufficient authorship and/or creativity to support the copyrights, and any copyright registrations, asserted by it against Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent, if any, that any distribution or sale by Defendants violated or infringed upon any copyrights or trademarks owned by Plaintiff, such violation or infringement was innocent and without knowledge of the rights allegedly owned by Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of the acts alleged to have been committed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff holds valid trademarks, said trademarks have not been infringed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff holds valid trademarks, said trademarks have not been diluted.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Defendants' compliance with underlying law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff's conduct concerning the matters alleged in the Amended Complaint constitutes carelessness, negligence, misconduct and/or bad faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by

Plaintiff, were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiff and/or other third parties, thus barring or limiting Plaintiff's right of recovery against Defendants.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by implied license.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by laches.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by waiver.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by estoppel.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff has failed to mitigate damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the express agreements of the parties.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails because Defendants have conducted themselves at all times in good faith, with a reasonable belief that their actions did not constitute a violation or infringement of any other person or entity's rights.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by transfer of ownership.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The State law claims are barred, in whole or in part, because they are preempted by federal law.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The Amended Complaint fails because Plaintiff's purported harm was proximately caused by culpable parties other than Defendants.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails because Defendants lacked power or control over third parties, and therefore, Defendants are not vicariously, secondarily, or contributorily liable for their actions.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails for lack of personal jurisdiction over the Defendants.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails for improper venue.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint fails due to insufficient process.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint fails due to insufficient service of process.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint fails due to failure to join necessary parties.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by consent.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the statute of limitations.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

The Amended Complaint fails due to inconvenient forum.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by abandonment.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by acquiescence.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by fair use.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the sound recordings at issue have entered the public domain.

To the extent Defendant may have other separate and/or additional defenses of which it is not aware, Defendant reserves the right to assert them by amendment to this Answer as discovery continues.

**WHEREFORE**, Defendants respectfully request that the Amended Complaint asserted against them be dismissed in its entirety and all relief requested therein be denied, and that the Court award Defendants such further relief as the Court deems just and proper.

### JURY DEMAND

Defendants demand a trial by jury of all causes of action as to which the law entitles them to a trial by jury.

Dated: New York, New York
January 25, 2008

                                        Respectfully submitted,

                                             /s/
                                       Jura C. Zibas (JZ 8970)
                                       Joanne J. Romero (JR 0275)
                                       **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                                       199 Water Street, 25th Floor
                                       New York, New York 10038
                                       Tel.: (212) 232-1300
                                       Fax.: (212) 232-1399

                                       *Attorneys for City Hall Records, Inc. and Robin Cohn*