UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
CAPITOL RECORDS, INC., a Delaware corporation,   )
                                                 )   ECF Case
                        Plaintiff,               )   07-cv-6488 (LTS) (KNF)
                                                 )
          - v -                                  )
                                                 )
CITY HALL RECORDS, INC., a California corporation and )
ROBIN COHN,                                      )
                                                 )
                        Defendants.              )
------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

                                        LEWIS BRISBOIS BISGAARD & SMITH, LLP
                                        *Attorneys for Defendants*
                                        199 Water Street, 25th Floor
                                        New York, New York 10038
                                        (212) 232-1300

Of Counsel

Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    **POINT I**

        STANDARD UNDER RULE 14 ............................................................................ 2

    **POINT II**

        IMPLEADER IS APPROPRIATE ......................................................................... 3

    **POINT III**

        NO DELIBERATE OR DERELICT DELAY ........................................................ 5

    **POINT IV**

        NO UNDUE DELAY OR COMPLICATION OF TRIAL ...................................... 6

    **POINT V**

        NO PREJUDICE TO THIRD-PARTY DEFENDANTS ........................................ 7

    **POINT VI**

        THE THIRD-PARTY COMPLAINT STATES A CLAIM ..................................... 7

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES**

*Agent Orange Product Liability Litigation*, 100 F.R.D. 778 (E.D.N.Y. 1984) .................................. 6

*Gross v. Hanover Insurance Co.*, 138 F.R.D. 53 (S.D.N.Y. 1991) ......................................... 3 & 7,

*McLaughlin v. Biasucci*, 688 F. Supp. 965 (S.D.N.Y. 1988) ............................................................ 3

*Rodolico v. Unisys Corp.*, 189 F.R.D. 245 (E.D.N.Y. 1999) ............................................................ 3

*State Mutual Life Assurance Co. of America v. Arthur Anderson & Co.*, 65 F.R.D. 518 (S.D.N.Y. 1975) ...................................................................................................................... 6

*Too, Inc. v. Kohl's Department Stores, Inc.*, 213 F.R.D. 138 (S.D.N.Y. 2003) ....................... 3, 4, 6,

*Trepel v. Dippold*, No. 04 Civ. 8310 (DLC), 2005 U.S. Dist. LEXIS 19782 (S.D.N.Y. September 12, 2005) ................................................................................................................ 7

**STATUTES**

17 U.S.C. § 1(e), 101 ........................................................................................................................ 4

Fed. R.Civ.P. 14(a) .................................................................................................................... 2-5, 7

N.Y.C.P.L.R. § 1401 ........................................................................................................................ 4

## PRELIMINARY STATEMENT

This memorandum of law, together with the accompanying Affirmation of Jura C. Zibas, dated March 24, 2008 (the "Zibas Aff."), is submitted in support of Defendants CITY HALL RECORDS, INC. ("City Hall") and ROBIN COHN's (collectively, "Defendants") motion, pursuant to Federal Rule of Civil Procedure 14(a), for leave to file the third-party complaint (the "Third-Party Complaint") (Zibas Aff. Ex. A) seeking contribution and indemnification against third-party defendants ("Third-Party Defendants").[1]

## STATEMENT OF FACTS

On July 18, 2007, Capitol Records, Inc. ("Capitol" or "Plaintiff") filed its original complaint. On January 9, 2008 Defendants filed their answer to the complaint. On or about January 8, 2008, Plaintiff incorrectly filed an amended complaint (the "Amended Complaint") (See Zibas Aff. Ex. B). On January 25, 2008, Defendants filed their answer to the Amended Complaint. The Amended Complaint was re-filed on February 15, 2008.

The Amended Complaint alleges that Defendants, without authorization, regularly advertise, offer for sale, promote, exploit and otherwise distribute within the state of New York and elsewhere sound recordings owned by or licensed to Capitol. Allegedly, these sound recordings sold by Defendants were manufactured by companies that have no legal right to manufacture or distribute the recordings within the United States. In addition, it is alleged that in order to promote and advertise the sale of the infringing sound recordings, Defendants have used and adopted, without

---

[1] Third-Party Defendants include Avid Ltd., Body & Soul, Comet Records, Hasmick Promotions Ltd. and Proper Music Distribution Ltd., Submarine Records, ACE Records Ltd., Acrobat Music Group Ltd., CrossCut Records, Candid Productions Ltd., Jazzology Records, Fremeaux and Associes, Trojan Records Ltd., CDA Records Inc., Dynaflow Records, Tuff City Records, Sanctuary Records, and UK Deluxe. Third Party Defendants are currently limited to those implicated by the titles listed in Exhibit A of the Amended Complaint, as well as a March 6, 2008 list provided by Capitol listing additional titles. To the extent that Plaintiff subsequently seeks to include additional titles distributed by additional third parties, Defendants reserve the right to seek leave to implead those additional third parties.

authorization, registered trademarks owned by Capitol, including CAPITOL, BLUE NOTE, IMPERIAL, LIBERTY, and ALLADIN.

A pre-trial conference was held on January 24, 2008. At the pre-trial conference Plaintiff advised that it would be filing an amended complaint and Defendants advised the Court that they would possibly seek to join third parties. The Court subsequently issued a January 25, 2008 Pre-Trial Scheduling Order (the "Order") (See Zibas Aff. Ex. C). The Order states that "All applications to amend pleadings or amendments as of right shall be made, *and any additional parties joined, by February 29, 2008*" (italics added). In the context of the discussions had at the pre-trial conference, Defendants understood this language to represent leave to file a third-party complaint, particularly as the Order did not require that any applications be made for leave to join additional parties. Accordingly, on February 29, 2008, Defendants filed a third-party complaint against Third-Party Defendants, manufacturers and/or current and former suppliers to Defendants of the allegedly infringing sound recordings.

Following Plaintiff's objection to the third-party complaint that was filed, a conference was held before the Court on March 17, 2008 wherein the Court advised Defendants that a motion for leave to file a third-party complaint was required. Defendants advised the Court that they would withdraw the third-party complaint. On or about March 18, 2008 the supervising docket clerk advised that the third-party complaint was deemed withdrawn based upon a Court Order entered on March 18, 2008 to withdraw the third-party complaint.

## ARGUMENT

### POINT I
### STANDARD UNDER RULE 14

Rule 14(a) states that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the

third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer." See also, *Gross v. Hanover Ins. Co.*, 138 F.R.D. 53, 54 (S.D.N.Y. 1991) (citing Fed. R.Civ.P. 14(a)).

"The purpose of [Rule 14(a)] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate cause of action against a third-party for contribution." *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (citing *Gross*, 138 F.R.D. at 54); see also *McLaughlin v. Biasucci*, 688 F.Supp. 965, 967 (S.D.N.Y. 1988).

"Impleader is appropriate when the third-party defendant's liability to the third party-plaintiff is 'dependent upon the outcome of the main claim' or the third-party defendant's liability to the third-party plaintiff is 'potentially secondarily liable as a contributor to the defendant.'" *Too, Inc.* 213 F.R.D. at 140 (citing *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984).

Notably, "the district court has considerable discretion in deciding whether to permit a third-party complaint." *Too, Inc.* 213 F.R.D. at 140. Factors to be considered in determining whether to grant leave to implead are: (i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third party states a claim upon which relief can be granted. *Too, Inc.*, 213 F.R.D. at 140; see also *Rodolico v. Unisys Corp.*, 189 F.R.D. 245, 249 (E.D.N.Y. 1999).

### POINT II
### <u>IMPLEADER IS APPROPRIATE</u>

In the instant case, impleader is appropriate because Third-Party Defendants' liability to Defendants is dependent upon the outcome of the main claim and Third-Party Defendants are potentially liable as contributors to, if they are not primarily liable for, the alleged infringement.

As noted above, Third-Party Defendants are manufacturers and/or current and former suppliers to defendants/third-party plaintiffs of the allegedly infringing sound recordings. Capitol explicitly alleges in its original complaint and the Amended Complaint that the allegedly infringing sound recordings at issue are "manufactured by companies that have no legal right to manufacture or distribute the recordings within the United States." (See Am. Compl. ¶21). To the extent that Capitol's allegation that Third-Party Defendants had no legal right to manufacture or distribute the recordings within the United States is true, then Third-Party Defendants are liable for their unlawful distribution within the United States. To the extent there was any infringement, third-Party defendants caused, or materially contributed to the sale of infringing sound recordings and use of infringing trademarks by Defendants, and the unfair competition, consumer confusion, trademark dilution, and unjust enrichment that resulted as a consequence. Accordingly, if Defendants are found liable, Third-Party Defendants would be liable to Defendants for contribution and/or indemnification.

Pursuant to N.Y. Civil Practice Law and Rules § 1401, two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought. Moreover, the Second Circuit has set forth the standard for finding a party liable for contribution, specifically with regard to the Copyright Act, 17 U.S.C. § 1(e), 101: "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory infringer.'" *Too, Inc.*, 213 F.R.D. at 140 (citing *Gershwin Pub. Corp. v. Columbia Artists Man, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).

The allegations of the Third-Party Complaint clearly indicate that, to the extent that there was any infringing activity, the Third-Party Defendants acted with knowledge of the allegedly infringing activity, and induced, caused or materially contributed to the alleged infringing conduct of Defendants. Moreover, Roger Kent, a representative of Proper, came to the United States and took Defendant Robin Cohn and others from City Hall to lunch in connection with Proper's client development and sales efforts with the specific intent to distribute the allegedly infringing items within the United States. Moreover, Ben Oldfield, a sales representative for Body & Soul also met with Defendants in the United States approximately six or seven years ago while he was working with another company, Melodie, and then continued to sell and distribute allegedly infringing items to Defendants in the United States once he moved to Body & Soul. Proper began selling allegedly infringing items to Defendants in the United States after another distributor of Proper went out of business. Guglielmo Pizzinelli, a Comet representative, from Italy reached out to Defendants within the United States and advised that Defendants could no longer deal with a pre-existing supplier but would have to rely directly on Comet for distribution of the allegedly infringing items.

Moreover, because Defendants were not aware and had no reason to know that Third-Party Defendants did not have authority to distribute the allegedly infringing materials in the United States, Defendants would be entitled to indemnification by Third-Party Defendants.

In addition, upon information and belief, Third-Party Defendants orally, or in writing, contracted to indemnify and hold harmless Defendants for any liability that would arise from the advertising, rental or sale of their products, including the allegedly infringing items.

### POINT III
### NO DELIBERATE OR DERELICT DELAY

Given that the January 25, 2008 Order provided that additional parties could be joined as late as February 29, 2008, there is clearly no deliberate or derelict delay in filing the original third-party

complaint on that date or in filing the present motion, particularly in light of the fact that the Amended Complaint was not properly filed until February 15, 2008, a mere two weeks prior to the filing of the original third-party complaint. In fact, leave to file a third-party complaint is appropriate where an amended complaint is filed. *Gross*, 138 F.R.D. at 56. In any event, "unreasonable delay is only one factor to be considered and is not necessarily determinative." *State Mutual Life Assurance Co. of America v. Arthur Anderson & Co.*, 65 F.R.D. 518, 522 (S.D.N.Y. 1975).

## POINT IV
## NO UNDUE DELAY OR COMPLICATION OF TRIAL

At the March 24, 2008 conference, Plaintiff argued that it would be prejudiced by the delay that would result from the filing of the Third-Party Complaint. Notwithstanding the fact that prejudice to the Plaintiff is not one of the enumerated factors to be considered in the Rule 14 analysis, there is no reason to believe there might be prejudice to Plaintiff or that there would be any undue delay of the litigation as the parties are in the initial stages of discovery. Prejudice and undue delay may found where discovery has been completed and trial is imminent. See *Agent Orange Product Liability Litigation*, 100 F.R.D. 778 (E.D.N.Y. 1984) (finding prejudice and undue delay where discovery, including depositions, had been conducted and trial was scheduled for a mere four months away). In the case at bar, although some requests have recently been served, there has been no formal exchange of discovery by the parties to date. Moreover, as noted, Plaintiff filed an amended complaint on February 15, 2008. Accordingly, this litigation is in the very early stages, and, as such, there is no merit to the argument that impleading would prejudice Plaintiff or cause undue delay. See *Too, Inc.*, 213 F.R.D. 138 (no undue delay even where impleader was filed one year after original answer, two months after amended complaint, and after the close of discovery).

## POINT V
## NO PREJUDICE TO THIRD-PARTY DEFENDANTS

Filing of the Third-Party Complaint will not prejudice Third-Party Defendants. This is particularly true because testimony of the Third-Party Defendants and other third party discovery would be required whether they were named parties or not. As Plaintiff's Amended Complaint specifically alleges that the third parties were distributing allegedly infringing materials without authority in the United States, third party discovery would be required to be conducted by the parties either to substantiate these claims or to disprove them.

Rather than prejudice Third-Party Defendants, the Third-Party Complaint would give them an opportunity to be heard and to defend themselves against allegations set forth by Plaintiff that they were improperly distributing materials in the United States. Moreover, allowing the Third-Party Defendants to be joined would circumvent the need to bring a duplicative trial against these Third-Party Defendants with the potential for inconsistent findings of fact and the unnecessary waste of judicial resources. (The benefits to Defendants and Third-Party Defendants would far outweigh any alleged prejudice to Third-Party Defendants or Plaintiff. See *Gross*, 138 F.R.D. at 55-56 (finding that prejudice if any felt by plaintiff due to any need for additional discovery was far outweighed by "the benefits of more efficient litigation to be gained by permitting impleader.")

## POINT VI
## THE THIRD-PARTY COMPLAINT STATES A CLAIM

A court may consider the merits of a proposed third-party claim in the context of Rule 14 only to the extent that it would foster an obviously unmeritorious claim. *Trepel v. Dippold*, No. 04 Civ. 8310 (DLC), 2005 U.S. Dist. LEXIS 19782, * 10 (S.D.N.Y. September 12, 2005); see *Gross*, 138 F.R.D. at 55 (finding even speculative claims sufficiently alleged for purposes of Rule 14 and stating that "there is some question as to whether plaintiff may attack the merits of the proposed third-party claims at this stage of the proceedings"). Based on the face of the Third-Party Complaint,

and the discussion at Point II, it is apparent that the Third-Party Complaint adequately states claims and is not "obviously unmeritorious" Accordingly, an in-depth analysis of the merits of the claims is not appropriate at this stage.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that Defendants' motion for leave to file the Third-Party Complaint be granted in its entirety.

Dated: New York, New York
March 24, 2008

                                      Respectfully submitted,

                                            /s/
                                    Jura C. Zibas (JZ 8970)
                                    Joanne J. Romero (JR 0275)
                                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                                    199 Water Street, 25th Floor
                                    New York, New York 10038
                                    Tel.: (212) 232-1300
                                    Fax.: (212) 232-1399

                                    *Attorneys for City Hall Records, Inc. and Robin Cohn*