3 of 11 DOCUMENTS

**ISPAT INLAND, INC., Plaintiff, -against- KEMPER ENVIRONMENTAL, LTD.,
Defendant.**

**05 Civ. 5401 (BSJ) (HBP)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK**

**2007 U.S. Dist. LEXIS 55851**

**July 31, 2007, Decided
July 31, 2007, Filed**

**SUBSEQUENT HISTORY:** Motion denied by Ispat Inland, Inc. v. Kemper Envtl., Ltd., 2007 U.S. Dist. LEXIS 55852 (S.D.N.Y., July 31, 2007)

**PRIOR HISTORY:** Ispat Inland, Inc. v. Kemper Envtl., Ltd., 2006 U.S. Dist. LEXIS 86489 (S.D.N.Y., Nov. 30, 2006)

**COUNSEL:** [*1] For Ispat Inland, Inc., Plaintiff: Camilo Cardozo, Stanley McDermott, III, LEAD ATTORNEYS, DLA Piper US LLP (NY), New York, NY; Geoffrey Carl Upton, Matthew Mark D'Amore, LEAD ATTORNEYS, Morrison & Foerster LLP, New York, NY; Robert A. Salerno, Morrison & Foerster LLP, Washington, DC.

For Kemper Environmental, Ltd., Defendant: Clay H. Phillips, Edward Ruberry, Lisa Thaviu, Mitchell Rose, LEAD ATTORNEYS, Bollinger, Ruberry & Garvey, Chicago, IL; David M. Pollack, Melito & Adolfsen, P.C., New York, NY.

**JUDGES:** HENRY PITMAN, United States Magistrate Judge.

**OPINION BY:** HENRY PITMAN

**OPINION**

*MEMORANDUM OPINION AND ORDER*

PITMAN, United States Magistrate Judge:

I. *Introduction*

Defendant Kemper Environmental, Ltd. ("Kemper") moves for leave to file a second amended answer pursuant to Fed.R.Civ.P. 15(a) (Docket Item 49). For the reasons set forth below, defendant's motion is granted in all respects.

II. *Facts*

This is an action seeking damages and declaratory relief for the alleged breach of an environmental liability insurance policy.

The insurance policy, Kemper Environmental Response, Compensation and Liability Insurance Policy No. 4LY000143 (the "policy"), was purchased by Inland Steel Industries ("ISI") pursuant to an agreement [*2] under which Ispat International, N.V. ("IINV") acquired Inland Steel Company ("ISC") from ISI (Complaint ("Comp.") P 7). Plaintiff Ispat Inland, Inc. ("Ispat") is the entity that resulted from the acquisition (Comp. P 10). The policy was issued on or about March 6, 1998 by defendant and names ISC, IINV, and ISI as insureds (Comp. P 9).

Ispat contends that Kemper breached its insurance contract by refusing to admit coverage and refusing to make payments for liability incurred by Ispat in the settlement of a Natural Resources Damage Assessment ("NRDA"). Ispat further contends that Kemper breached the policy by refusing to pay the legal expenses incurred by Ispat in connection with the investigation and defense of the NRDA.

2007 U.S. Dist. LEXIS 55851, *2

Kemper served and filed an amended answer in April 2006. In its amended answer, Kemper denied Ispat's allegations, raised multiple affirmative defenses, and contended that the policy imposes no duties or obligations on it to indemnify or defend Ispat for the costs of the underlying claims at issue.

Kemper asserts that it should be granted leave to file a second amended answer and to assert a counterclaim against Ispat based on facts disclosed at the deposition of Thomas [*3] Barnett and other witnesses taken in September 2006 (Kemper's Memorandum in Support of Motion for Leave to File Its Second Amended Answer, Affirmative Defenses and Counterclaim, dated November 20, 2006 ("Kemper Mtn. for Leave"), at 1). [1] The specific new facts on which Kemper bases its motion are discussed below.

> 1    Barnett was originally deposed as Ispat's 30(b)(6) witness on May 26, 2006. Pursuant to my Order, Barnett was deposed as a fact witness on September 18, 2006 (*see* Order dated August 16, 2006).

III. *Analysis*

A. *Applicable Standards*

The standards applicable to a motion to amend a pleading are well settled. Leave to amend a pleading should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,* 404 F.3d 566, 604 (2d Cir. 2005); *Anthony v. City of New York,* 339 F.3d 129, 138 n.5 (2d Cir. 2003). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." *Lee v. Regal Cruises, Ltd.,* 916 F. Supp. 300, 303 (S.D.N.Y. 1996), *aff'd,* 116 F.3d 465 (2d Cir. 1997), [*4] *citing Foman v. Davis, supra,* 371 U.S. at 182.

Delay alone, in the absence of bad faith or prejudice, is usually not sufficient reason for denying a motion to amend. *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234-35 (2d Cir. 1995); *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981); *Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp.,* 392 F.2d 380, 384 (2d Cir. 1968). "The court . . . has discretion to deny leave to amend 'where the motion is made after an

inordinate delay, no satisfactory explanation is offered for the delay, *and* the amendment would prejudice' other parties." *Grace v. Rosenstock,* 228 F.3d 40, 53-54 (2d Cir. 2000), *quoting Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990) (emphasis added). *See also Commander Oil Corp. v. Barlo Equip. Corp.,* 215 F.3d 321, 333 (2d Cir. 2000) (permitting amendment of answer to assert additional affirmative defense after a seven-year delay does not constitute an abuse of discretion in the absence of prejudice). However, "the longer the period of unexplained delay, the lighter the burden will be on the nonmoving party to demonstrate prejudice or bad faith." *Multi-Juice, S.A. v. Snapple Beverage Corp.,* 02 Civ. 4635 (RPP), 2006 U.S. Dist. LEXIS 35928, 2006 WL 1519981 at *11 (S.D.N.Y. June 1, 2006) [*5] ; *see also Fariello v. Campbell,* 860 F. Supp. 54, 70 (E.D.N.Y. 1994) ("The party opposing the motion for leave to amend has the burden of establishing than an amendment would be prejudicial").

Kemper first seeks to further amend its answer by deleting its ninth affirmative defense, *i.e.* that Ispat's claims are barred by the equitable doctrine of rescission. 2 Because this aspect of Kemper's proposed amendment would not require any further discovery and does not prejudice Ispat, this aspect of the motion is granted.

> 2    The ninth affirmative defense currently states:
>
>> To the extent Plaintiff, or their predecessors, affiliates, agents, brokers or other representative, intentionally or unintentionally, failed to disclose, or concealed, omitted, or misrepresented facts material to the risks at issue in this litigation to Kemper, all claims under the policy at issue herein are barred and/or the equitable doctrines of rescission and reformation apply (*see* Amended Answer at 7).

Kemper also seeks to amend its answer by adding a counterclaim for a declaratory judgment that the terms of the insurance policy did not provide coverage [*6] for the NRDA. In the alternative, the proposed counterclaim seeks a declaration that Kemper has the right to reform the policy to exclude the NRDA liabilities (Proposed

2007 U.S. Dist. LEXIS 55851, *6

Second Amended Answer, Affirmative Defenses and Counterclaim ("Proposed Second Amended Answer"), annexed as Exhibit A to Kemper Mtn. for Leave, at 27).

Kemper contends that it had a basis for its proposed counterclaim only after Barnett was deposed a second time because Barnett's second deposition somehow revealed that his testimony as Ispat's 30(b)(6) witness was contradicted by other witnesses, and that Barnett himself could not even re-affirm his testimony from the 30(b)(6) deposition (Kemper Mtn. for Leave, at 3). Although Kemper does not specifically indicate what new facts were revealed by Barnett's September 18, 2006 deposition, Kemper does attach as exhibits to its motion partial transcripts of Barnett's May 26, 2006 and September 18, 2006 depositions. In Barnett's May deposition, Barnett stated that Gary Allie, the Environmental Regulations Manager at Ispat, informed Steve Piatkowski, a Kemper employee working with Kemper's underwriting department, at a meeting that liability incurred under the 1993 Consent [*7] Decree could amount to $ 8,000,000 to $ 10,000,000 (Kemper Mtn. for Leave, Ex. B at 179). At his deposition in September, Barnett testified that Allie did not attend the meeting (Kemper Mtn. for Leave, Ex. B at 93). Kemper also states that it needs to depose third-party witnesses to determine whether the NRDA was a loss known to Ispat but undisclosed to Kemper at the time the policy was issued (Kemper Mtn. for Leave, at 3). [3]

> 3   Kemper also argues that it had to wait for Barnett's second deposition to occur before it could assert a counterclaim for reformation of the contract because the claim must be supported by "clear and convincing evidence." In support of this argument, Kemper cites to *Benderson Dev. Co., Inc. v. Schwab Bros. Trucking, Inc.,* 64 A.D.2d 447, 457, 409 N.Y.S.2d 890, 898 (4th Dep't 1978) and *Insurance Co. of N. Am. v. Milberg Weiss Bershad Specthrie & Lerach,* 95 Civ. 3722 (LLS), 1996 WL 520902 at *1 (S.D.N.Y. Sept. 12, 1996). However, this argument is misplaced because there is no requirement that this showing be made at the pleading stage.

Kemper also argues that there would be no surprise or prejudice to Ispat if Kemper added the proposed counterclaim because "Ispat [*8] has been on notice of these theories since the original answer was filed in this

case on July 26, 2005" (Kemper Mtn. for Leave, at 2). Kemper also asserts that there would be no prejudice to Ispat because the addition of the counterclaim is based upon legal theories that do not require additional discovery (Kemper Mtn. for Leave, at 3).

Ispat argues that leave to add the counterclaim should be denied because there was undue delay in Kemper's application to amend, and permitting the amendment would prejudice Ispat. Ispat argues that if, as Kemper claims, Ispat has been on notice of Kemper's theories since July 26, 2005, then Kemper could have filed its counterclaim at that time (Ispat's Memorandum of Law in Opposition to Kemper's Motion for Leave to File Second Amended Answer, Affirmative Defense, and Counterclaim, undated (Ispat Opp. to Mtn. for Leave"), at 1-2). In addition, Ispat points out that Kemper does not cite any portion of Barnett's second deposition or any other recently conducted discovery that revealed new facts to Kemper (Ispat Opp. to Mtn. for Leave, at 1).

Ispat contends that prejudice would result if Kemper was given leave to assert the counterclaim because the motion [*9] was made two months after the close of fact discovery. [4] Ispat also controverts Kemper's assertion that there would be no need for further fact discovery if leave to amend was granted because Kemper's proposed counterclaim contains over sixty paragraphs of factual assertions, many of which inject new allegations into the case (Ispat Opp. to Mtn. for Leave, at 2).

> 4   Discovery in this matter closed on September 1, 2006, with the exception of Barnett deposition and depositions that were already noticed by August 14, 2006 were to be conducted by September 18, 2006.

In Kemper's reply papers, it admits that it did not learn any new facts at Barnett's second deposition, but argues that the inconsistencies between Barnett's first and second deposition support a counterclaim for reformation of the policy based upon Barnett's misrepresentations to Kemper (Kemper's Reply in Support of Its Motion for Leave to File a Second Amended Answer, Affirmative Defenses and Counterclaim, dated December 21, 2006 ("Kemper Reply to Mtn. for Leave"), at 1-2).

Although Kemper may have been able to move for leave to amend earlier, Ispat has not sufficiently established that it would be prejudiced if Kemper were granted [*10] leave to amend its pleadings. Ispat's

2007 U.S. Dist. LEXIS 55851, *10

assertion that the portions of the proposed eighteen-page counterclaim "inject[] new allegations into the case," is entirely conclusory. Since Ispat does not cite to any part of the proposed counterclaim to support its assertion, Ispat fails to meet its burden to show that the proposed counterclaim would cause undue prejudice.

Ispat does claim that granting Kemper's motion would require Ispat to depose at least two fact witnesses -- Steve Piatkowski and Susan Doering -- who "appear to be the Kemper witnesses with knowledge of the new allegations" -- and that Ispat should be allowed to do so if Kemper is granted leave to amend (Ispat Opp. to Mtn. for Leave, at 2). [*11] However, again, Ispat does not cite to any portion of the record or Kemper's proposed counterclaim to support the contention that Ispat would need to depose Piatkowski and Doering. In fact, Doering's name does not even appear in the proposed counterclaim. To the extent that Ispat's opposition papers can be deemed to constitute an application to depose Piatkowski and Doering, its application is denied without prejudice to renewal after the resolution of the pending motion for summary judgment.

Because there is no evidence of unfair prejudice to Ispat and Kemper's delay alone is not sufficient to deny its motion for leave to amend, this aspect of Kemper's motion is also granted.

IV. *Conclusion*

For all the foregoing reasons, Kemper's motion to amend is granted in all respects. Kemper is directed to serve and file its amended answer and counterclaim within ten (10) business days of the date of this Order.

Dated: New York, New York

July 31, 2007

SO ORDERED

HENRY PITMAN

United States Magistrate Judge