UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
CAPITOL RECORDS, INC., a Delaware corporation,   )
                                                    )   ECF Case
                Plaintiff,          )   07-cv-6488 (LTS) (KNF)
                                                    )
           - v -                    )
                                                   )
CITY HALL RECORDS, INC., a California corporation and   )
ROBIN COHN,   )
                                                   )
              Defendants.        )
------------------------------------------------------------------------ X


**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO
FILE A THIRD-PARTY COMPLAINT**

                                     LEWIS BRISBOIS BISGAARD & SMITH, LLP
                                     *Attorneys for Defendants*
                                     199 Water Street, 25th Floor
                                     New York, New York 10038
                                     (212) 232-1300

<u>Of Counsel</u>

Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)

4847-0651-6738.1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................1

ARGUMENT ..............................................................................................................................1

    **POINT I**

        NO DELIBERATE OR DERELICT DELAY ..........................................................1

    **POINT II**

        NO UNDUE DELAY OR COMPLICATION OF TRIAL .....................................5

    **POINT III**

        NO PREJUDICE TO THIRD-PARTY DEFENDANTS .......................................8

    **POINT IV**

        THE THIRD-PARTY COMPLAINT STATES A CLAIM ...................................8

**CONCLUSION** ......................................................................................................................10

**PRELIMINARY STATEMENT**

This reply memorandum of law is submitted in further support of Defendants CITY HALL RECORDS, INC. ("City Hall") and ROBIN COHN's (collectively, "Defendants" or "Third-Party Plaintiffs") motion, pursuant to Federal Rule of Civil Procedure 14(a), for leave to file the third-party complaint (the "Third-Party Complaint") seeking contribution and indemnification against third-party defendants ("Third-Party Defendants").

**STATEMENT OF FACTS**

For more than a decade Capitol Records, Inc. ("Capitol" or "Plaintiff") failed to police its purported and dubious ownership rights to "recordings by some of the best known jazz artists of our time, including: Nat King Cole, Frank Sinatra, Peggy Lee, Miles Davis, and Thelonius Monk, among others." Capitol now seeks to belatedly enforce tenuous rights to these sound recordings with a vague copyright lineage (for which it can provide no documentary evidence) simply so that it can extort money from small companies and individuals that do not have the resources to defend against litigation from giants such as Plaintiff. This tactic reflects a simple financial strategy currently employed by Capitol and its venture-capitalist run parent company, EMI, to maximize the value of purported assets in their publishing business, including assets for which they do not have copyright ownership rights. In fact, Plaintiff's counsel is known for filing lawsuits against small companies and individuals in order to act as a collection agency on behalf of Plaintiff. As part of this strategy, Plaintiff is attempting to exclude third parties that have greater resources than Defendants and can easily disprove Plaintiff's dubious copyright and trademark claims and other claims.

**ARGUMENT**

**POINT I**
**NO DELIBERATE OR DERELICT DELAY**

Again, given that the January 25, 2008 Order provided that additional parties could be joined as late as February 29, 2008, there is clearly no deliberate or derelict delay in filing the original

third-party complaint on that date or in filing the present motion, particularly in light of the fact that the Amended Complaint was not properly filed until February 15, 2008, a mere two weeks prior to the filing of the original third-party complaint. Moreover, Defendants put Plaintiff on notice of their intent to file a third-party complaint as early as January 24, 2008, at the initial scheduling conference wherein they advised the Court and Plaintiff that they would be impleading third parties and wherein the February 29 date was set. This conference took place a mere fifteen days after Defendants filed their original answer (a mere two days after the date on which Defendants could have filed a third-party complaint without leave of court).[1] Plaintiff did not object at the time it was put on notice.

Plaintiff attempts to dismiss the importance and relevance of the filing of the actual complaint and the amendments thereto and disingenuously argues that any delay in filing a third-party complaint should be measured from the time the first cease and desist letters were sent to Defendants.[2] However, plaintiff fails to cite a single case that supports measuring any delay from a period pre-dating the answer, much less a period pre-dating the complaint, nor do any of the cases cited by Plaintiff even suggest that such an analysis would be proper. Plaintiff's proposition flies in the face of Rule 14 whose plain language allows for a defendant to begin a third-party action more

---

[1] Moreover, although Defendants filed their answer on January 9, 2008, Plaintiff had filed an amended complaint before the answer was due. As such, technically, Defendants were not required to file an answer to the original complaint, and were only required to file the answer to the amended complaint, which answer they filed on January 25, 2008. Had Defendants refrained from filing the answer on January 9, 2008 (Defendants filed the answer on January 9, 2008 in an abundance of caution), the January 25, 2008 date on which the answer to the amended complaint was filed would have been the starting date from which the ten days to file a third-party complaint without leave of court commenced. However, by that time, the February 29, 2008 had already been set by the Court.

[2] The mere issuance of the cease and desist letters was not sufficient to put Defendants on notice of all the claims that would be asserted against them, much less put them on notice of all the albums that Plaintiff would put at issue in this action. Without notice of all the albums that Plaintiff would put at issue, there was no notice of the various foreign and national manufacturers/distributors of those albums that would necessarily be implicated. Accordingly, each and every amendment adding additional albums, and therefore implicating additional third parties, that Plaintiff files is relevant to the issue of notice and timing for the impleader of third-party defendants. Defendants maintain any and all albums were properly distributed, therefore there is no reason that Defendants should have assumed that Plaintiff would take such an expansive view of titles at issue and that all the albums and corresponding third parties put at issue in this lawsuit would be so implicated. If Plaintiff wishes to expedite this litigation, it should limit the list of albums to only those albums for which it can prove ownership or exclusive license. Were Plaintiff to limit the scope of this lawsuit in that manner, the third parties implicated would be greatly limited as well.

than 10 days after it has filed its answer with leave of court.  In fact, "any 'dereliction' or 'deliberate delay' analysis must necessarily emphasize events occurring *after* that date [upon which leave of court would have first been required to implead the third-party defendants]." *Trepel v. Dippold*, 04 Civ. 8310 (DLC), 2005 U.S.Dist. LEXIS 19782, *6 (S.D.N.Y. Sept. 12, 2005).

      Plaintiff cites to *Ispat Inland, Inc. v. Kemper Environmental Ltd.*[3] for the proposition that delay in filing is measured from the time "the party was on notice about the facts and legal theories asserted in the claims against the third-party defendants." *Plaintiff's Memorandum at 7*.  However, *Ispat* does not suggest that any notice prior to the filing of the complaint should be considered.  In *Ispat*, constructive notice was measured from the time of the *answer*, not a time pre-dating the complaint.  *See 2006 U.S. Dist. LEXIS 85785* at *8.  In fact, *Ispat* actually supports Defendants' arguments that denial of a motion to implead should be limited to where, as in *Ispat*, the motion is made close to the end of discovery (the *Ispat* motion had been filed a mere three weeks prior to the close of discovery).  *Id.*  There is just no comparison between the facts underlying this motion and the facts of *Ispat.*  Waiting until three weeks prior to the close of discovery and filing a third-party complaint on the court ordered date to do so are simply not comparable measures.

      Plaintiff similarly cites *Embassy Electronics, Ltd. v. Lumberments Mutual Casualty Company*, 108 F.R.D. 418 (S.D.N.Y. 1985), which also involved clearly distinct facts from those in the case at bar.  In *Embassy*, there was a finding of prejudicial delay because almost all discovery had been completed, about twenty depositions had been taken, defendant had amended its answer twice, more than six months had elapsed since the original answer had been filed, and the action had been pending more than one year.  Although the court referenced the fact that defendant previously

---

[3] Plaintiff mistakenly cited to *Ispat Inland, Inc. v. Kemper Environmental Ltd.*, 05 Civ. 5401 (BSJ)(HBP), 2007 U.S. Dist. LEXIS 55851 (S.D.N.Y. July 31, 2007), which involved a motion to amend the pleadings, but it appears that Plaintiff meant to cite *Ispat Inland, Inc. v. Kemper Environmental Ltd.*, 05 Civ. 5401 (BSJ)(HBP), 2006 *U.S. Dist. LEXIS 85785* (S.D.N.Y. Nov. 28, 2006), which involved a motion for leave to file a third-party complaint.

had knowledge of all the facts necessary for it to file the third-party complaint, the delay was measured from a period beginning five months after the original answer and was placed in the full discovery context described above. In the case at bar, discovery has just begun, no deposition has been taken or scheduled, defendants have not amended their answer, a mere two months elapsed between the filing of the original answer and Defendants' attempt to file a third-party complaint, notice of an intent to file a third-party complaint was given to Plaintiff and the Court less than three weeks from the date the answer was filed, and the action has been pending less than one year.

Plaintiff also cites *Agent Orange Product Liability Litigation*, 100 F.R.D. 778, 780 (E.D.N.Y. 1984), for the proposition that impleader should be denied on the "grounds that defendant was 'on notice from the time of the filing of the first complaint of all facts relevant to the impleader claim' and gave no excuse for its delay." Although time was measured from the time of the complaint's filing (notably, not a time pre-dating the complaint), this must also be put in context. The decision in *Agent Orange* was also based on the complexity of plaintiff's claims, the time and expense already spent in trial preparation, the fact that many witnesses had been deposed and would need to be deposed again, and Uniroyal's failure to provide adequate excuse for delay. *Agent Orange,* 100 F.R.D. at 781. Most notably, trial in that action was a mere four months away such that "the cost of impleader to the present parties would be enormous." *Id.* As there has been no time and expense already spent in trial preparation, a trial date has not been scheduled, and no depositions have been scheduled, there would be no basis to assert that there has been any undue delay at all.

In any event, unlike the cases cited by Plaintiff, there are reasonable excuses for any so-called delay in this case. First of all, at the January 24, 2008 conference, Defendants were advised that they had until February 29, 2008 to bring in the additional parties. Accordingly, any delay would be reasonably excused by the Court order giving Defendants until February 29, 2008 to bring

in third parties. Moreover, as previously noted, the amended complaint was re-filed on February 15, 2008, a mere ten business days before the court-ordered cut off date on which Defendants sought to file the third-party complaint. Had Defendants had any reason to believe they were required to file a motion for leave to file a third-party complaint before the court-ordered cut-off date of February 29, 2008, Defendants would have done so. Accordingly, there is "little evidence to suggest that defendant was so slow in bringing the Rule 14(a) motion that that motion should be denied." *Gross v. Hanover Insurance Co.*, 138 F.R.D. 53, 55 (S.D.N.Y. 1991). Second of all, Plaintiff was not on notice of all the albums at issue in this case and all the national and foreign manufacturers/distributors to be implicated thereby until Plaintiff provided its amended lists.

As there has been no dereliction on the part of Defendants, and any delay would be reasonably excused, impleader should be freely granted.

## POINT II
## NO UNDUE DELAY OR COMPLICATION OF TRIAL

As previously noted, there is no reason to believe there would be any undue delay of the litigation as the parties are in the initial stages of discovery. See *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138 (S.D.N.Y. 2003) (no undue delay even where impleader was filed one year after original answer, two months after amended complaint, and after the close of discovery).

While the parties *informally* and *voluntarily* produced documents to one another in connection with ongoing settlement efforts before Defendants filed the motion for leave to serve a third-party complaint, there had been no *formal* production of discovery other than one response by City Hall to a limited request for admissions. In fact, the bulk of the purported discovery to which Plaintiff refers was solely in connection with the settlement efforts between Plaintiff and Defendants' California counsel which have since withdrawn as counsel. These active settlement efforts continued even after the complaint was filed, a fact which is reflected in the successive extensions of

time to file the answer. Although, in connection with the informal discovery exchanges which were part of the settlement negotiations, Plaintiff purports to have served over a thousand pages of documents substantiating ownership rights to the underlying copyrighted works and trademarks, Plaintiff neglects to inform the Court that the documents provided by Plaintiff relate to only 32 artists/albums out of over 294 artists/albums put at issue in this action by Plaintiff. Moreover, this limited documentation merely relates to the artists/albums, but does not actually verify the validity of any claimed ownership rights. Accordingly, for all intents and purposes, Plaintiff has not even begun to provide discovery.

Moreover, contrary to Plaintiff's assertion, presentment by it of formal discovery requests at the time this motion was filed does not equate with an exchange of discovery, it merely represents that one party has requested discovery. As Plaintiff acknowledges, the discovery schedule reflects a discovery cut-off date of October 31, 2008, a date more than six months away. Extending the discovery schedule where not a single deposition has been taken is not significant and is outweighed by the efficiency of permitting defendants to bring contribution claims. *Trepel*, 2005 U.S. Dist. LEXIS 19782 at * 7.

Plaintiff cites to a New Hampshire District Court decision for the proposition that the court should deny leave to file the Third-Party Complaint because it seeks to implead foreign entities. However, Plaintiff fails to cite any controlling case law to support this position. By contrast, in *Anglo American Insurance Group, P.L.C.*, v. *Calfed Inc.*, the Court, in determining a Rule 14(a) motion, was not deterred by the presence of a British third-party entity and embraced the notion of determining issues of foreign law. 899 F.Supp. 1070, 1076 (S.D.N.Y. 1995).

Plaintiff goes on to wildly speculate: (1) that service to the foreign corporations will be so complicated that Third-Party Defendants would not be served by October 31, 2008, the currently set

discovery cut off date, and (2) that disputes regarding personal jurisdiction will require separate discovery prior to Rule 12 motions that will purportedly be brought.

However, there is no reason to believe that service upon the foreign corporations will take long given: (1) that many of the entities have United States subsidiaries and the Hague Service Convention[4] permits service of a summons and complaint upon a foreign-based corporation through domestic delivery of the documents to the corporation's wholly owned and closely controlled United States subsidiary, and (2) the availability of service of process companies familiar with foreign service rules for service to those entities without a United States subsidiary. In any event, not all of the proposed third parties are foreign entities.

Plaintiff also disingenuously states that the Third-Party Complaint would "conflate two entirely separate sets of facts: whether Defendants infringed Plaintiffs' copyrights and trademarks with whether the third-party defendants have indemnity and contribution obligations to Defendants. Adding these new legal and factual issues would have the effect of taking a fairly straightforward case and substantially complicating it." *Plaintiff's Memorandum at 12*. However, the facts are not completely separate. As previously noted, Capitol explicitly alleges in its original complaint and the Amended Complaint that the allegedly infringing sound recordings at issue are "manufactured by companies that have no legal right to manufacture or distribute the recordings within the United States." (See Am. Compl. ¶21). To the extent that Capitol's allegation that Third-Party Defendants had no legal right to manufacture or distribute the recordings within the United States is true, then Third-Party Defendants are liable for their unlawful distribution within the United States. The question of whether Defendants infringed Plaintiff's copyrights and trademarks depends on whether the third-party companies have a legal right to manufacture or distribute the recordings within the

---

[4] *Darden v. DaimlerChrysler N.A. Holding Corp.*, 191 F. Supp. 2d 382, 387-88 (S.D.N.Y. 2002).

United States. The question of whether the third parties have indemnity and contribution obligations to Defendants also involves an inquiry into whether the third-party companies have a legal right to manufacture or distribute the recordings within the United States. Accordingly, the two sets of facts are not wholly separate or independent from one another. The case will remain equally straightforward with the addition of the third parties.

**POINT III**
**NO PREJUDICE TO THIRD-PARTY DEFENDANTS**

Plaintiff has acknowledged that filing of the Third-Party Complaint will not prejudice Third-Party Defendants. *Plaintiff's Memorandum at 6*. However, it is also worthy of emphasis that the Third-Party Complaint would give Third-Party Defendants an opportunity to be heard and to defend themselves against allegations set forth by Plaintiff that they were improperly distributing materials in the United States. Moreover, allowing the Third-Party Defendants to be joined would circumvent the need to bring a duplicative trial against these Third-Party Defendants with the potential for inconsistent findings of fact and the unnecessary waste of judicial resources.

**POINT IV**
**THE THIRD-PARTY COMPLAINT STATES A CLAIM**

A court may consider the merits of a proposed third-party claim in the context of Rule 14 only to the extent that it would foster an obviously unmeritorious claim. *Trepel*, 2005 U.S. Dist. LEXIS 19782 at * 10; see *Gross*, 138 F.R.D. at 55 (finding even speculative claims sufficiently alleged for purposes of Rule 14 and stating that "there is some question as to whether plaintiff may attack the merits of the proposed third-party claims at this stage of the proceedings"). In any event, at the pleadings stage, the plaintiff need only provide "a short and plain statement" that "gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). This notice pleading standard expects "liberal discovery rules and summary judgment motions to define disputed facts and issues to

dispose of unmeritorious claims." *Id.* at 512. As long as a complaint contains enough allegations of fact to state a claim for relief that is "plausible on its face" a complaint may not be dismissed; a heightened fact pleading of specifics is not required. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Plaintiff fails to point out why it is implausible that, among other things, there would be contractual agreements between Third-Party Plaintiffs and Third-Party Defendants providing for indemnification. Plaintiff complains that the allegations are based on information and belief yet its own complaint is based upon information and belief. If Third-Party Plaintiffs' complaint should be disallowed for being based upon information and belief, Plaintiff's complaint should be similarly dismissed on the same basis.

Moreover, "because the question whether someone is a joint tortfeasor is a question of fact to be determined by the jury, a motion to dismiss the third-party complaint on the ground that it fails to state a claim normally should be denied and the third-party plaintiff allowed an opportunity to produce evidence as to the nature of the relationship." *Rodolico v. Unisys Corp.*, 189 F.R.D. 245, 253 (E.D.N.Y. 1999).

Plaintiff fails to properly identify caselaw supporting its argument that the Third-Party Complaint should be disallowed due to Plaintiff's perception that it fails to state a claim. Plaintiff cites to *Too, Inc.* but pursuant to *Too, Inc.* the court may only consider the merits of a proposed third-party claim to the extent that the third-party complaint "would foster an obviously unmeritorious claim." *Too, Inc.*, 213 F.R.D. at 142. In fact, *Too, Inc.* found that the third-party complaint at issue sufficiently stated a claim for contribution even where there were contradictions in the record regarding liability for such contribution. Although the claim for indemnification was disallowed, it was disallowed as clearly without merit only because there was no basis for contractual indemnification or common law indemnification. The proposed third-party complaint in

*Too, Inc.* was devoid of allegations regarding any contractual indemnification obligations, in fact, it was admitted that there was no contractual claim for indemnification. That is not the case here. Third-Party Plaintiffs have alleged contractual indemnification obligations by the third-party companies. Moreover, contrary to Plaintiff's assertion, Third-Party Plaintiffs are not required to prove at the pleading stage that they have a contractual right to indemnification, they are merely required to allege that they have a contractual right to indemnification, which they have adequately done. With respect to common law indemnification, the basis for disallowing any common law indemnification claims in *Too, Inc.* was that the third-party plaintiffs could not disclaim their own liability as supervisors of the parties sought to be impled. In the case at bar, Third-Party Plaintiffs were not responsible for policing or supervising the third parties sought to be impled. Accordingly, there is nothing that would preclude such common law indemnification, particularly as the causes of action asserted are not limited to those that were asserted in *Too, Inc*. In any event, if it were to turn out that there had been any infringing activity, Third-Party Plaintiffs would not be at fault if it is shown that they were innocent infringers.

## **CONCLUSION**

For all the foregoing reasons, it is respectfully submitted that Defendants' motion for leave to file the Third-Party Complaint be granted in its entirety.

Dated: New York, New York
April 25, 2008

Respectfully submitted,

/s/ Joanne J. Romero
Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
199 Water Street, 25th Floor
New York, New York 10038
Tel.: (212) 232-1300
*Attorneys for City Hall Records, Inc. and Robin Cohn*