UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                          :

CAPITOL RECORDS, INC., a Delaware
corporation,                                 :

                   Plaintiff,    :    **MEMORANDUM AND ORDER**

       -against-                    :    07 Civ. 6488 (LTS)(KNF)

CITY HALL RECORDS, INC., a California  :
corporation and ROBIN COHN,

                  Defendants.    :
---------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

On July 18, 2007, Capitol Records, Inc. ("CRI") brought this action against City Hall Records, Inc. and Robin Cohn, alleging: (1) common law copyright infringement; (2) common law unfair competition; (3) unjust enrichment; (4) trademark infringement, pursuant to 15 U.S.C. § 1114; (5) false designation of origin, description and representation, pursuant to 15 U.S.C. § 1125(a); and (6) trademark dilution, pursuant to 15 U.S.C. § 1125(c). The plaintiff alleges it has sole, exclusive and complete rights to manufacture, distribute and sell certain recorded musical performances of popular recording artists, and it is the registrant and exclusive owner of certain trademarks. According to the plaintiff, the defendants "advertise, offer for sale, promote, exploit and otherwise distribute within the state of New York and elsewhere sound recordings manufactured by companies that have no legal rights to manufacture or distribute the recordings within the United States." Moreover, the plaintiff alleges, the defendants used and continue to

use its trademarks unlawfully.  On January 7, 2008, the plaintiff attempted, improperly,[1] to file its amended complaint electronically.  On January 9, 2008, the defendants filed their answer denying the allegations.  Although the plaintiff's amended complaint was not filed,[2] on January 25, 2008, the defendants filed their answer to the plaintiff's amended complaint.  On February 15, 2008, the plaintiff filed its amended complaint manually, adding more sound recordings with respect to which the plaintiff has rights allegedly infringed by the defendants.[3]  On February 29, 2008, the

---

[1] The plaintiff maintains, in its opposition to the motion, that it served the defendants with the amended complaint on January 7, 2008, and that: "Due to ECF filing difficulties, the Amended Complaint was not docketed with the clerk until February 15, 2008."  The Court notes the plaintiff's disingenuousness.  Electronic Case Filing Rules and Instructions ("ECFRI"), governing electronic case filing in the United States District Court for the Southern District of New York, do not permit the filing of any complaint electronically.  See ECFRI, Section 18.  Docket Entry No. 11 indicates that, when the plaintiff attempted to file its amended complaint electronically, the following electronic notification was sent to it by the Clerk of Court: "FILING ERROR-ELECTRONIC FILING FOR NON-ECF DOCUMENT NOTICE of Amended Complaint."  Due to the plaintiff's failure to comply with the court's rules and procedures, and to discharge its duty to review regularly the docket sheet for this action, another electronic notification  was sent to the plaintiff on February 5, 2008: "***NOTE TO THE ATTORNEY TO RE-FILE DOCUMENT-NON-ECF DOCUMENT ERROR.  Note to Attorney Matthew Oppenheim to MANUALLY RE-FILE Document 11 Amended Complaint.  This document is not filed via ECF."  The plaintiff's service of the amended complaint on January 7, 2008, when the plaintiff attempted to file its amended complaint electronically, is invalid because serving and filing an amended complaint by electronic means is not in accordance with the rules and procedures promulgated by this court.  See ECFRI Section 18; Local Civil Rule 5.2.  The plaintiff's amended complaint was docketed when it was filed in accordance with the court's rules and procedures, on February 15, 2008, and any delay alleged by the plaintiff was caused by the plaintiff's failure to comply with the court's rules and not by delayed docketing occasioned by electronic filing difficulties.

[2] A paper that is not permitted to be filed electronically must be filed manually.  See Local Civil Rule 5.2 and 5.3 of this court.

[3] The Court notes the plaintiff's lack of diligence in complying with ECFRI. On February 15, 2008, the same day the plaintiff filed its amended complaint manually, the Clerk of Court sent an electronic message to the plaintiff's attorney, noting "noncompliance with Section (3) of [this court's] 3d Amended Instructions For Filing An Electronic Case or Appeal

(continued...)

defendants filed a third-party complaint.[4]  On March 18, 2008, the Court directed the defendants to withdraw the third-party complaint and to serve and file a motion seeking leave of the court to file a third-party complaint.  On March 24, 2008, the defendants filed a motion for leave to file a third-party complaint, pursuant to Fed. R. Civ. P. 14(a).  The defendants assert contractual indemnification and contribution claims against fifteen foreign and three United States-based business entities, alleging they: (a) are manufacturers or suppliers of the allegedly infringing sound recordings, who, "upon information and belief, entered into or assumed oral and/or written contracts" with the defendants, agreeing to hold the defendants harmless; and (b) caused or materially contributed to the sale of infringing sound recordings and the use of infringing trademarks, by acting with knowledge of infringing activity.  The plaintiff opposed the defendants' motion.

## DISCUSSION

Fed. R. Civ. P. 14(a)(1) permits a defendant to implead others, not originally parties to the action:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

---

[3](...continued)
and Section 1(d) of [this court's] procedures For Electronic Case Filing."  The message also directed the plaintiff's attorney to "E-MAIL the PDF for Document 28 Amended Complaint to case_openings@nysd.uscourts.gov."  However, as of the time of this writing, the plaintiff has failed to comply with the Clerk's directive.

[4] On February 29, 2008, the Clerk of Court sent an electronic message to the defendants' attorney, noting the defendants' failure to comply with ECFRI and directing the attorney to send a copy of the third-party complaint to the court electronically; the defendants complied.

The purpose of Rule 14(a) is to promote judicial efficiency by eliminating the need for a defendant to commence a separate action against a person who may be secondarily or derivatively liable to the defendant for all of part of the plaintiff's original claim. See Gross v. Hanover Ins. Co., 138 F.R.D. 53, 54 (S.D.N.Y. 1991). The speculative nature of the third-party defendant's liability is not a bar to impleader. See id. at 55. A district court has considerable discretion in determining a Rule 14(a) motion and, in so doing, must balance the benefits of judicial economy, consistency of results and the avoidance of circuity of action against the possible prejudice to the plaintiff and third-party defendants. See State Mut. Life Assurance Co. of America v. Arthur Andersen & Co., 65 F.R.D. 518, 521 (S.D.N.Y. 1975). Factors relevant to determining whether to grant leave to implead a third party include: (a) whether the moving party deliberately delayed or was derelict in filing the motion; (b) whether impleading would unduly delay or complicate the trial; (c) whether impleading would prejudice the plaintiff or the third-party defendant; and (d) whether the proposed third-party complaint states a claim upon which relief can be granted. See Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003); Olympic Corp. v. Societe Generale, 462 F.2d 376, 379 (2d Cir. 1972).

*Deliberate Delay or Dereliction in Filing the Motion*

The plaintiff contends the impleader motion should be denied because the defendants were derelict in asserting claims against the third-party defendants, since they were on notice of the plaintiff's claims as early as June 2006, when the plaintiff sent its "cease and desist" letter to them and no reasonable excuse exists for their delay in asserting the third-party claims. The defendants maintain impleader is appropriate because the third-party defendants "are liable potentially as contributors to, if they are not primarily liable for, the alleged infringement."

According to the defendants, "no deliberate or derelict delay in filing the original third-party complaint" exists, because the January 25, 2008 pre-trial scheduling order of the assigned district judge "provided that additional parties could be joined as late as February 29, 2008" and that is the date when "the original third-party complaint" was filed.

The defendants had 10 days from January 9, 2008, the date they served their original answer, to file the third-party complaint, as of right. See Fed. R. Civ. P. 14(a). The defendants failed to do so; without obtaining leave from the court, they filed the third-party complaint on February 29, 2008. The defendants' argument, that "any delay would be reasonably excused by the Court order giving Defendants until Feburary 29, 2008 to bring in third parties," is without merit. The January 25, 2008 order states: "All applications to amend pleadings or amendments as of right shall be made, and any additional parties joined, by February 29, 2008." This provision of the January 25, 2008 order engendered confusion for the parties. Consequently, any delay resulting from that confusion was reasonable. In any event, nothing in the parties' submissions before the Court indicates: (i) that the defendants' delay in filing the instant motion was a result of their careful consideration of some purpose or advantage that would be gained by a delay; or (ii) that the defendants were derelict in filing their motion, where Rule 14(a)(1) permits the defendants to seek leave to file a third-party complaint more than 10 days after their answer and, where, as here, the litigation is at an early stage when the impleader motion is made. While the defendants received notice of the plaintiff's claims against them when the complaint was filed, the defendants did not have notice of the artists or album titles claimed to have been infringed that the plaintiff added in its amended complaint. Moreover, according to the defendants, on March 6, 2008, the plaintiff provided them titles in addition to those already listed

in the plaintiff's amended complaint. In the circumstance of this case, where the plaintiff continued, through March 6, 2008, to add titles of sound recordings allegedly infringed, it cannot be said that the defendants had notice of all the parties involved that may be liable to them or the plaintiff. The Court finds that the defendants did not deliberately delay and were not derelict in filing their motion seeking leave to file the third-party complaint.

*Undue Delay or Trial Complication*

The plaintiff contends granting the impleader motion will delay unduly the trial, because it will involve a complicated and lengthy process of serving foreign entities[5] and implicate personal jurisdiction issues. Additionally, the plaintiff claims, adding all putative third-party defendants would cause "an increase in the quantity of discovery as between all the parties" and "the coordination of the discovery process with eighteen additional parties, many of whom are overseas and speak languages other than English, would become significantly more complex and extended." Moreover, the plaintiff contends, granting the defendants' motion is not warranted because: (i) "the parties have been actively engaged in the discovery process;" (ii) it has produced "over a thousand pages of documents substantiating [its] ownership rights to the underlying copyrighted works and trademarks;" (iii) it has provided the defendants repeatedly with "updated lists of disputed albums and responded to requests to provide additional information regarding those disputed albums;" and (iv) it has "served significant discovery requests on Defendants." The plaintiff maintains, permitting impleader will also complicate the

---

[5] The plaintiff asserts that, of eighteen putative third-party defendants, "fifteen of them are located outside of the United States, in Spain, Italy, Germany and the United Kingdom." The Court notes that the proposed third-party complaint does not include any putative third-party defendant located in Spain.

trial because the indemnification claim asserted in the third-party complaint contains legal and factual issues that "have no overlap with the existing issues in the case" and "[p]roving whether there is a right to indemnification may require the application of choice of law principles to determine whether the laws of each of the foreign jurisdictions control the existence and extent of any indemnity obligation." Similarly, the plaintiff asserts, the contribution claim asserted against the third-party defendants raises legal and factual issues "entirely different from the present issues."

The defendants contend, although some discovery requests have been served recently, no undue delay or complication in the trial will occur because "this litigation is in the very early stages" and "no formal exchange of discovery by the parties [occurred] to date." According to the defendants, no reason exists to believe that service upon foreign entities will take a long time given that many of them have subsidiaries in the United States and "the Hague Service Convention permits service of a summons and complaint upon a foreign-based corporation through delivery of the documents to the corporation's wholly owned and closely controlled United States subsidiary." The defendants also contend, formal production of discovery, "other than one response by City Hall to a limited request for admission," has not taken place and "the bulk of purported discovery to which Plaintiff refers was solely in connection with the settlement efforts between Plaintiff and [defendants]," including production of thousands of pages of documents substantiating the plaintiff's ownership rights to the subject sound recordings. Additionally, that production, provided by the plaintiff, "relate[s] to only 32 artists/albums out of over 294 artists/albums put at issue in this action by Plaintiff." Moreover, the defendants maintain, the factual issues raised in the third-party complaint are not 'completely separate" from

the factual issues in the plaintiff's complaint because the "question of whether Defendants infringed Plaintiff's copyrights and trademarks depends on whether the third-party companies have a legal right to manufacture or distribute the recordings within the United States." In addition, the defendants assert, the "question of whether the third parties have indemnity and contribution obligations to Defendants also involves an inquiry into whether the third-party companies have a legal right to manufacture or distribute the recordings within the United States."

      The plaintiff's contention, that procedures for serving process pursuant to the Hague Convention "inevitably requires significant time" is speculative. Similarly, that disputes respecting personal jurisdiction will arise is speculative, and the Court does not perceive any reason why those issues, if they arise, cannot be resolved timely, in accordance with the pre-trial case management plan adopted by the assigned district judge. No complication at trial will result from the application of choice-of-law principles to determine the contractual indemnity obligations, if any, of the third-party defendants, because choice-of-law issues are routine legal questions, which the court will resolve prior to trial. The plaintiff expresses concerns about "an increase in the quantity of discovery" and that the coordination of discovery would become significantly more complex and extended "with eighteen additional parties, many of whom are overseas and speak languages other than English." As noted above, the purpose of Fed. R. Civ. P. 14 is promoting judicial efficiency by permitting the adjudication of multiple claims in a single action and eliminating duplicative actions. See Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004). The extent and complexity of discovery are among the concerns already taken into account by the principle of judicial efficiency. The plaintiff does not

make citation to any authority, and the Court finds none, for the proposition that "an increase in the quantity of discovery" and the possibility that "the coordination of the discovery process . . . would become significantly more complex and extended" are determinative factors that would defeat an impleader motion or that such factors carry more weight, where all other factors, considered by a court in its balancing analysis, do not militate against granting the impleader motion.

Furthermore, the plaintiff's concern, that the coordination of discovery would become "more complex and extended" because "many" third-party defendants "are overseas and speak languages other than English," is unwarranted because, of the eighteen putative third-party defendants, allegedly: (i) three are United States business entities; (ii) eleven are business entities with their principal place of business in England; (iii) one is a business entity with its principal place of business in France; (iv) one is a business entity with its principal place of business in Italy; and (v) one is a business entity with its principal place of business in Germany. Therefore, it appears, from the proposed third-party complaint, that of the eighteen putative third-party defendants, only three are assumed by the plaintiff to speak languages other than English. Even if the plaintiff's assumption is correct, speaking languages other than English does not, by itself, make the discovery "more complex and extended."

The Court finds no merit in the plaintiff's contention that, if the motion is granted, "this case would conflate two entirely separate set of facts: whether Defendants infringed Plaintiff's copyrights and trademarks with whether the third-party defendants have indemnity and contribution obligations to Defendant." To establish a common law copyright infringement in New York, the plaintiff must prove: (1) the existence of a valid copyright; and (2) unauthorized

reproduction of the work protected by the copyright.  <u>Capitol Records, Inc. v. Naxos of America, Inc.</u>, 4 N.Y.3d 540, 563, 797 N.Y.S.2d 352, 368 (2005).  To sustain a common law unfair competition claim, in addition to unauthorized copying and distribution, the plaintiff must demonstrate, "competition in the marketplace or similar actions designed for commercial benefit."  <u>Id.</u>  The crux of the plaintiff's common law copyright infringement, unfair competition and unjust enrichment claims is that the defendants  "regularly advertise, offer for sale, promote, exploit and otherwise distribute within the state of New York and elsewhere sound recordings manufactured by companies that have no legal right to manufacture or distribute the recordings within the United States."  It appears, from the plaintiff's allegations, that the defendants' liability is dependent on whether manufacturing companies, referenced in the plaintiff's allegations, have the legal right to manufacture or distribute the subject sound recordings.  If the plaintiff establishes that the defendants are liable to it, the defendants are entitled to benefit from a single action in which issues of contribution or contractual indemnification from the third-party defendants, who may be liable, are resolved simultaneously.

      The defendants' New York statutory claim of contribution, <u>see</u> New York Civil Practice Law and Rules § 1401, depends on whether the third-party defendants share responsibility for causing the harm allegedly suffered by the plaintiff and is directly related to the plaintiff's allegation that the defendants are liable for unlawfully distributing "sound recordings manufactured by companies that have no legal right to manufacture" them.  While it is true that the defendants' indemnification claim will involve the determination of an issue otherwise absent from the instant litigation, namely, whether a contractual obligation to indemnify exists among the third-party defendants and the defendants, <u>see</u> <u>Rosado v. Proctor & Schwartz, Inc.</u>, 66 N.Y.2d

21, 24, 494 N.Y.S.2d 851, 853 (1985), the sound recordings at issue are common to both, the plaintiff's amended complaint and the defendants' proposed third-party complaint. The factual and legal issues related to the defendants' contractual indemnification claim appear to involve simple, routine issues of contract law and it does not appear to the Court they will complicate the trial.

Moreover, it appears, from the parties' submissions, that discovery in this action, as contemplated by the Federal Rules of Civil Procedure, is at an early stage. Dispositive motions, if any, are due to be made on or before February 27, 2009, and the action is scheduled for a final pre-trial conference on May 8, 2009. Accordingly, the Court finds that no undue delay or complication at trial will occur if the defendants' motion is granted.

*Prejudice*

The plaintiff does not claim it will be prejudiced and both parties agree that no prejudice to the third-party defendants will result from granting the defendants' motion. Given that discovery, in this action, is at an early stage and that a pre-trial scheduling order is in place to prevent any delay, the Court does not perceive any prejudice that will attend any party if the defendants' motion is granted.

*Whether the Third-Party Complaint States a Claim Upon Which Relief Can Be Granted*

The plaintiff contends the putative third-party complaint cannot survive a motion to dismiss, because the defendants "have not proven that they have a contractual right to indemnification." More specifically, the plaintiff contends, "[a]sserting in conclusory fashion 'upon information and belief' that there are oral or written contracts between Defendants and the putative third-party defendants that permit indemnification does not satisfy the pleading

requirement to show a basis for a contractual right to indemnification." In addition, the plaintiff asserts, the defendants "have not pled a single fact that suggests even a single infringing activity by the putative third-party defendants." The defendants argue, the third-party complaint states claims adequately and is not "obviously unmeritorious." According to the defendants, they "are not required to prove at the pleading stage that they have a contractual right to indemnification, they are merely required to allege that they have a contractual right to indemnification, which they have adequately done." Similarly, the defendants assert, as long as their proposed third-party complaint contains allegations of fact to state a claim for relief that is "plausible on its face," the complaint cannot not be dismissed and "a heightened fact pleading of specifics is not required."

      The Court agrees with the defendants. The defendants allege, in their proposed third-party complaint, upon information and belief, that they "entered into or assumed oral and/or written contracts including indemnification provisions requiring Third-Party Defendants to indemnify defendants/third-party plaintiffs and to hold them harmless." The plaintiff fails to make citation to any authority to support its proposition that a heightened pleading standard applies to contractual indemnification and state statutory contribution claims. Fed. R. Civ. P. 8 (a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that standard applies to the defendants' claims. Pleading upon information and belief, without alleging additional facts to show the source of the information, is permissible under Rule 8. See Maverick Recording Co. v. Goldshteyn, No. CV-05-4523, 2006 WL 2166870, at *5 (E.D.N.Y. July 31, 2006)(citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1224); Bonano v. Southside United Hous. Dev. Corp.,

363 F. Supp.2d 559, 564 (E.D.N.Y. 2005). Moreover, Fed. R. Civ. P. 11(b) provides that by presenting a pleading to the court, an attorney for the party certifies that the pleading is prepared based on "the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Pleading "on information and belief" by a corporation is permitted, because "the averments are seldom such as may be directly within the absolute knowledge of the person filing the pleading." General Motors Corp. v. California Research Corp., 8 F.R.D. 568, 570 (D. Del. 1948). Accordingly, the Court finds that the defendants' pleading of their claims, on information and belief, is appropriate.

At the pleading stage, no obligation exists to prove anything, only to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). The defendants have alleged the third-party defendants "reached out to defendants/third-party plaintiffs and met with them within the United States for the purposes of distributing the allegedly infringing materials within the United States." The defendants alleged further, upon information and belief, that they "entered into or assumed oral and/or written contracts including indemnification provisions." These allegations form a plausible ground upon which to infer that agreements were formed among the defendants and the third-party defendants. Even if the actual proof of these facts is improbable and recovery unlikely, enough facts have been asserted by the defendants "to raise a reasonable expectation that discovery will reveal evidence of [the] agreement[s]." See id. at 1965.

The defendants allege, in their proposed third-party complaint, that, to the extent any infringement of the plaintiff's rights occurred, the third-party defendants "caused, or materially contributed to the sale of infringing sound recordings and use of infringing trademarks by

defendants" and "acted with knowledge of the infringing activity." Because the right to contribution exists among persons who are subject to liability for the same injury, the defendants' allegation of tortuous conduct on the part of the third-party defendants, grounded on the plaintiff's allegation that the third-party defendants manufactured and distributed the subject sound recordings unlawfully, is plausible on its face. Accordingly, the Court finds that, for the purpose of the instant motion, the proposed third-party complaint is plausible on its face and states a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, the defendants' motion, for leave to file the third-party complaint (Docket Entry No. 37), is granted.

Dated: New York, New York
       July 18, 2008

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE