UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
CAPITOL RECORDS, INC., a Delaware corporation, )
                 ) ECF Case
       Plaintiff,        ) 07-cv-6488 (LTS) (KNF)
                 )
    - v -           ) DEFENDANTS'
                 ) STATEMENT OF
CITY HALL RECORDS, INC., a California corporation and ) UNDISPUTED FACTS
ROBIN COHN,           ) PURSUANT TO LOCAL
                 ) <u>RULE 56.1</u>
       Defendants.       )
---------------------------------------------------------------------- X

  Pursuant to Local Civil Rule 56.1 of this Court, Defendants CITY HALL RECORDS, INC. ("City Hall") and ROBIN COHN (collectively, "Defendants") submit the following statement of material facts as to which they contend that there is no genuine issue to be tried:

  1. Defendant City Hall Records, Inc. is a California corporation, having a principal place of business in San Rafael, California. (Cohn Decl. ¶ 2). Defendant Robin Cohn is a resident of San Rafael, California. (Cohn Decl. ¶ 1). City Hall does not have any offices within the state of New York. (Cohn Decl. ¶ 4). City Hall is an independently owned and operated music reseller and distribution company. City Hall resells and distributes titles of independent record labels featuring, among other genres, Jazz, Blues, Rap/Hip Hop and World Beat. City Hall's clients are primarily retailers, wholesalers, mail order dealers and exporters. (Cohn Decl. ¶ 3).

  2. Capitol Records, Inc. ("Capitol" or "Plaintiff") filed this action pursuant to New York common law and federal trademark and unfair competition law.

  3. Plaintiff alleges that Defendants, without authorization, regularly advertise, offer for sale, promote, exploit and otherwise distribute within the state of New York and elsewhere sound recordings owned by or licensed to Capitol.

4. Plaintiff alleges that in order to promote and advertise the sale of the infringing sound recordings, Defendants have used and adopted, without authorization, registered trademarks owned by Capitol, including CAPITOL, BLUE NOTE, IMPERIAL, LIBERTY, and ALLADIN. The trademark allegations are based on the fact that the albums manufactured and/or distributed by the third parties to Defendants containing the disputed soundrecordings bear information regarding the record label associated with each soundrecording.

5. The sound recordings at issue resold by Defendants were manufactured and sold to Defendants by third party companies.

6. Plaintiff asserts the following causes of action: (1) Count I – common law copyright infringement (soundrecordings) under New York law; (2) Count II – unfair competition under New York common law; (3) Count III – unjust enrichment; (4) Count IV – federal trademark infringement (15 U.S.C. §1114); (5) Count V – false designation of origin, description and representation under the Lanham Act (15 U.S.C. §1125(a)); and (6) Count VI – trademark dilution under the Lanham Act (15 U.S.C. §1125(c)). Capitol seeks injunctive relief, actual and compensatory damages, disgorgement of gains, profits and advantages, punitive damages for willful behavior, including but not limited to treble damages under 15 U.S.C. § 1117(a), reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper. Plaintiff seeks multi-jurisdictional relief/damages under all causes of action, including those under common law.

7. Plaintiff alleges that this Court has personal jurisdiction over Defendants pursuant to NY CPLR § 302 because Defendants have transacted business within the state of New York, contracted to supply goods or services in the state of New York, and/or committed tortious acts

without the state of New York causing injury to person or property within the state of New York. (Am. Compl. ¶ 6).

8. Plaintiff alleges that the third party manufacturers/distributors have no legal right to manufacture or distribute the recordings within the United States. However, Defendants do not concede that the third party companies do not have the legal right to manufacture and/or distribute the recordings within the United States. To the extent Plaintiff can prove that the third parties do not have such legal rights, it is Defendants' position that Defendants reasonably believed that the third party companies do have the legal right to manufacture and/or distribute the recordings within the United States.

9. Plaintiff has communicated to Defendants that: (1) Plaintiff's common law claims are not limited to sales in New York; (2) financial injury has occurred in New York based on nationwide sales because Plaintiff is located here; (3) Plaintiff's common law claims are associated with Defendants' conduct nationwide; (4) Plaintiff is seeking a damage award that accounts for harm caused nationwide, and (5) Plaintiff is seeking damages assessed under New York law for torts committed nationwide. Moreover, in the process of discovery, Plaintiff sought information regarding sales of the albums at issue occurring outside of New York and indicated it was pursuing multi-jurisdictional relief/damages for its common law claims. For example, *Plaintiff Capitol Record Inc.'s First Set of Interrogatories to City Hall Records, Inc.* (See Zibas Decl. Ex. B) and *Plaintiff Capitol Record Inc.'s Second Set of Interrogatories to City Hall Records, Inc.* (See Zibas Decl. Ex. C) each sought in Interrogatory No. 1 therein identification of "*all* revenue City Hall has received from the sale of each of the Disputed Albums organized by the month the revenue was received" (emphasis added). As can be seen from the text of the interrogatory, the request for revenue information is without geographic

limitation. Interrogatory No. 3 requests identification of "*every* client City Hall has sold any of the Disputed Albums to, including which albums, the quantities thereto and the date(s) of the sales.

10. The parties have had numerous conversations and exchanged correspondence (see e.g., letters dated May 12, 2008 and July 3, 2008 from Jura Zibas, Zibas Decl. Ex. D),[1] on the subject of whether Plaintiff is entitled to multi-jurisdictional relief/damages. Defendants have presented arguments supporting their position that Plaintiff may only collect damages for injury sustained in New York. However, Plaintiff is refusing to withdraw its claims to the extent they seek multi-jurisdictional relief/damages.

11. Defendants again brought up the issue in a July 23, 2008 letter to Magistrate Judge Fox wherein they preliminarily sought permission to file a motion for a protective order against Plaintiff's request for information relevant to damages sustained outside of New York State. (Zibas Aff. Ex. E). Notwithstanding Defendants' belief that Plaintiff cannot collect multi-jurisdictional damages for its common law claims, and Defendants' belief that they would have been entitled to a protective order, Defendants fully disclosed all of the information requested by Plaintiff, thereby obviating the need to pursue the request for a protective order. Although Defendants disclosed all the information requested by Plaintiff, Defendants continue to assert that Plaintiff is not entitled to multi-jurisdictional relief/damages on the common law claims. Despite the parties' best efforts, no resolution has been reached with respect to the issue of multi-jurisdictional relief/damages.

---

[1] A May 30, 2008 letter from Matthew J. Oppenheim to Jura Zibas has been intentionally omitted because it was issued for settlement purposes only.

Dated: New York, New York
August 22, 2008

        LEWIS BRISBOIS BISGAARD & SMITH LLP
        *Attorneys for Defendants*

By: _____
    Jura C. Zibas (JZ 8970)
    Joanne J. Romero (JR 0275)
    199 Water Street, Suite 2500
    New York, NY 10038
    Telephone: (212) 232-1300
    Facsimile: (212) 232-1399
    File Number: 27350.95

TO:

Matthew J. Oppenheim, Esq.
Oppenheim Group
*Attorneys for Plaintiff*
7304 River Falls Drive
Potomac, MD 20854
Tel. (301) 299-4986
Fax (866) 766-1678

4829-0312-4994.1