Exhibit "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

CAPITOL RECORDS, INC.,

        Plaintiff,

   -vs-                                  Civil Action No: 07-cv-6488
                                            (LTS)(KNF)

CITY HALL RECORDS, INC. and ROBIN
COHN,

        Defendants.

-------------------------------------------------------- x

## PLAINTIFF CAPITOL RECORD, INC.'S FIRST SET OF INTERROGATORIES TO CITY HALL RECORDS, INC.

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff Capitol Records, Inc. ("Capitol Records") hereby serves the following Interrogatories on defendant City Hall Records, Inc. ("City Hall"). Capitol Records requests that City Hall answer the following interrogatories in writing and under oath on or before thirty days of service of the same.

### DEFINITIONS

The following definitions apply to all interrogatories:

    a.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    b.    The term "concerning" means relating to, referring to, describing, evidencing, constituting, supporting, or refuting.

    c.    The term "Disputed Sound Recordings" collectively means those sound recordings identified on Exhibit A attached hereto.

      d.      The term "document" is defined to be synonymous in meaning and equal in scope with the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronically stored information or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

      f.      When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. When referring to documents, "to identify" means to state the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). When referring to oral communications, "to identify" means to state (i) the means of communication (e.g., telephonic, in person); (b) the date or dates of the conversation; (c) the location(s) at which the conversation took place; (d) the identity of each person participating in the conversation or witnessing the conversation; and (e) the substance of the conversation.

      g.      The terms "you" and "your" mean Defendant, and each of them, and their agents, representatives, attorneys, affiliates, predecessors and successors in interest.

      h.      The following rules of construction apply to all discovery requests:

      (1)    The words "all" and "each" shall be construed as all and each.

      (2)    The words "and" and "or" shall be construed either disjunctively or conjunctively as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

      (3)    The term "including" shall be construed to include the phrase "without limitation."

(4) The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

(5) The use of the singular form of any word shall be construed to include the plural and the use of the plural form shall be construed to include the singular and vice versa as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

## **INSTRUCTIONS**

i. These interrogatories are intended to cover all information known or available to you, including information in the possession of or available to your accountants, attorneys, agents and representatives.

j. When any interrogatory requests that Plaintiffs "state the basis" (or equivalent) for a contention, Defendant shall (a) identify separately any basis in law or fact that Defendant believes supports their contention; (b) identify separately each document and communication that Defendant believes supports their contention; and (c) identify each potential witness whose testimony Defendant believes would support their contention, together with a summary of each witness's anticipated testimony.

k. If you believe that any of the following interrogatories calls for an assertion of a claim of privilege, answer so much of the interrogatory as is not objected to, and identify with respect to each specific item of information as to which a claim of privilege is asserted the nature of the privilege asserted and the basis for your claim.

3

l.      If you are unable to answer an interrogatory in full or in part, you should answer it to the extent possible, and state an explanation as to why the remainder cannot be answered and a statement as to the nature of the information or knowledge that cannot be furnished.

m.      You are reminded of your obligation to supplement your responses to these interrogatories in accordance with Rule 26 of the Federal Rules of Civil Procedure. Plaintiff requests that if you obtain any additional responsive information or documents at any later date, you promptly so inform Plaintiff and submit supplemental or amended answers and documents.

### **INTERROGATORIES**

1. Identify all revenue City Hall has received from the sale of each of the Disputed Albums organized by the month the revenue was received.

2. Identify all of the costs City Hall incurred from the sale of each of the Disputed Albums organized by item and date.

3. Identify every client City Hall has sold any of the Disputed Albums to, including which albums, the quantities thereto and the date(s) of the sales.

4. Identify inventory City Hall currently possesses of the Disputed Albums.

5. Identify by name, address and current employer, each individual or entity that might testify for the Defendant in this action or that might otherwise possess discoverable information in any way related to the allegations in the Complaint or any of the affirmative defenses that Defendant has asserted and, with respect to each such individual or entity, provide a detailed statement of the substance of the information possessed by such individual.

6. Identify all employees and consultants who either currently work for or have worked at City Hall who are involved in the process of ordering albums for City Hall to sell.

7. Describe in detail any instances in which City Hall has accused somebody of copyright infringement.

8. Describe in detail any instances in which City Hall determined that it may have been distributing infringing sound recordings.

9. Give a concise statement of the facts and a detailed statement of the legal theory and authority supporting each of Defendant's affirmative defenses.

10. For each fact identified in response to the prior interrogatory, state when and how the Defendant became aware of the fact or could reasonably have been aware of the fact.

11. Describe in detail all efforts (including the date of each such effort) that Defendant has made to insure that they had or have the right to distribute the Disputed Sound Recordings and identify all correspondence and notes related to such efforts.

12. Describe how, when and under what circumstances City Hall first ordered albums from "Proper."

13. Describe how, when and under what circumstances City Hall first ordered albums from "Living Era."

14. Describe how, when and under what circumstances, City Hall first ordered albums from "Avid."

15. Describe how, when and under what circumstances, City Hall first ordered albums from "Bear Family."

16. Identify any trademarks or trade names that City Hall owns.

17. Identify all of the sound recording copyrights that City Hall owns.

18. State the name, address and current employer of any person who at trial may present evidence as an expert for Defendant, including any person who is retained or specially employed to provide expert testimony.

19. For any person identified in response to interrogatory 17, describe in detail the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, the data or other information that will be considered by the person in forming his or her expert opinions, the compensation to be paid the person, and a listing of any other cases in which the person has testified as an expert at trial or by deposition within the preceding four years.

20. Identify all documents reviewed in responding to these Interrogatories.

21. Identify all persons who assisted in the preparation of the responses to these Interrogatories.

February 25, 2008

/s/ Matthew J. Oppenheim
Matthew J. Oppenheim (Bar No. MO1313)
The Oppenheim Group
7304 River Falls Drive
Potomac, MD 20854
Tel.: (301) 299-4986
Fax: (866) 766-1678
*Attorney for Plaintiff Capitol Records, Inc.*