UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
CAPITOL RECORDS, INC., a Delaware corporation, )
                                                                 )   ECF Case
                             Plaintiff, )   07-cv-6488 (LTS) (KNF)
                                                             )
                         - v - )   ORAL ARGUMENT
                                                             )   <u>REQUESTED</u>
CITY HALL RECORDS, INC., a California corporation and )
ROBIN COHN, )
                                                             )
                             Defendants. )
-------------------------------------------------------------------- X


## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: RELIEF/DAMAGES LIMITATIONS</u>

                                                           LEWIS BRISBOIS BISGAARD & SMITH, LLP
                                                           *Attorneys for Defendants*
                                                           199 Water Street, 25th Floor
                                                           New York, New York 10038
                                                           (212) 232-1300

<u>Of Counsel</u>

Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)

4845-4204-5186.2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................i

PRELIMINARY STATEMENT............................................................................1

STATEMENT OF FACTS.....................................................................................1

ARGUMENT..........................................................................................................3

       **POINT I**

      THE STANDARD FOR SUMMARY JUDGMENT............................................3

       **POINT II**

      PLAINTIFF'S CLAIMS FOR MULTI-JURISDICTIONAL RELIEF/DAMAGES MUST BE DISMISSED AND ANY DAMAGES SOUGHT MUST BE LIMITED TO DAMAGES ARISING FROM ACTIVITY IN NEW YORK STATE................5

            A. A STATE'S COPYRIGHT LAW DOES NOT EXTEND BEYOND ITS BORDERS.............................................................................5

            B. LONG ARM STATUTE DOES NOT PERMIT RELIEF/DAMAGES OUTSIDE NEW YORK...........................................................6

            C. MULTI-JURISDICTIONAL DAMAGES ARE NOT PERMITTED UNDER NEW YORK LAW OUTSIDE THE LIMITED CONTEXTS OF DEFAMATION AND RIGHT OF PUBLICITY........................9

CONCLUSION.....................................................................................................12

# TABLE OF AUTHORITIES

Cases

*Asbestos Workers Syracuse Pension Fund v M.G. Industrial Insul. Co.*, 875 F. Supp. 132 (S.D.N.Y. 1995)...................................................................................................................4

*Agency Rent A Car System, Inc. v. Grand Rent a Car Corp.*, 98 F.3d 25 (2d Cir. 1996)................7

*Allianz Insurance Company v. Lerner*, 305 F. Supp. 2d 191 (E.D.N.Y. 2004).........................4

*Barker v. Norman*, 651 F.2d 1107 (5th Cir. 1981) ........................................................5

*Capitol Records, Inc. v. Naxos of America, Inc.* 797 N.Y.S.2d 352 (N.Y. 2005).....................5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................4

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000).............................8

*Comptoir de L'Industrie Textile de France v. Fiorucci, Inc.*, 78 Civ. 3923 (HFW), 1979 U.S. Dist. LEXIS 13022 (S.D.N.Y. 1979).............................................................................7

*Cuccioli v. Jekyll & Hyde Neue Metropol*, 00 civ. 1995 (LAK), 150 F.Supp2d 566, (S.D.N.Y. 2001) ...........................................................................................................9

*Darby Trading Inc. v. Shell Int'l Trading*, 07-CV-0400 (KMK) (GAY), 2008 U.S. Dist. LEXIS 25980 (S.D.N.Y. 2008) ............................................................................................8

*Davis v. E.I. DuPont de Nemours*, 249 F. Supp. 329 (S.D.N.Y. 1966) ...............................11

*Factors Etc., Inc. v. Pro Arts, Inc.*, 496 F. Supp. 1090 (S.D.N.Y. 1980) .............................5

*Fantis Foods, Inc. v. Standard Importing Co.*, 425 N.Y.S.2d 783 (N.Y. 1980).......................8

*Firth v. New York*, 747 N.Y.S.2d 69 (N.Y. 2002)....................................................9, 11

*Goldstein v. California*, 412 U.S. 546 (1972)................................................................5

*Gregoire v. G.P. Putnam's Sons*, 298 N.Y. 119 (N.Y. 1948)...........................................9

*Heilman v. Wolke*, 427 F. Supp. 730 (E.D. Wis. 1977) ................................................5

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)...........................................11, 12

*Khaury v. Playboy Publ'ns., Inc.*, 430 F. Supp. 1342 (S.D.N.Y. 1977)...........................9, 10

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)................4

*Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563 (S.D.N.Y. 2005)...........................8

*Publ'ns International, Ltd. v. Harris Publ'ns*, No. 80 C 5258, 1981 U.S. Dist. LEXIS 14144, (N.D. April 30, 1981)..........................................................................................................8

*Reilly v. Rapperswill Corp.*, 377 N.Y.S.2d 488 (N.Y. Sup. Ct. App. Div. 1975)...................10

*Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522 (2d Cir. 1994).................................................4

*Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150 (S.D.N.Y. 1996) .....................................7

*Schweizer v. Mulvehill*, 93 F. Supp. 2d 376 (2d Cir. 1998)..............................................................4

*Sunward Electrics, Inc. v. McDonald*, 362 F.3d 17 (2d Cir. 2004) ..................................................7

*United States v. Montreal Trust Co.*, 358 F.2d 239 (2d Cir. 1966) ...................................................7

*Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) .............................................8

Statutes

N.Y.C.P.L.R. § 302.............................................................................................................6-8

Rules

FRCP 56.............................................................................................................................3-4

**PRELIMINARY STATEMENT**

This memorandum of law, together with the accompanying Declaration of Jura C. Zibas, dated August 22, 2008 (the "Zibas Decl."), is submitted in support of Defendants CITY HALL RECORDS, INC. ("City Hall") and ROBIN COHN's (collectively, "Defendants") motion, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment on the issue of relief/damages limitation.

**STATEMENT OF FACTS**

Defendant City Hall Records, Inc. is a California corporation, having a principal place of business in San Rafael, California. (Cohn Decl. ¶ 2). Defendant Robin Cohn is a resident of San Rafael, California. (Cohn Decl. ¶ 1). City Hall does not have any offices within the state of New York. (Cohn Decl. ¶ 4). City Hall is an independently owned and operated music reseller and distribution company. City Hall resells and distributes titles of independent record labels featuring, among other genres, Jazz, Blues, Rap/Hip Hop and World Beat. City Hall's clients are primarily retailers, wholesalers, mail order dealers and exporters. (Cohn Decl. ¶ 3).

On February 15, 2008, Capitol Records, Inc. ("Capitol" or "Plaintiff") filed an amended complaint (the "Amended Complaint" or "Am. Compl.") (See Zibas Decl. Ex. A) alleging that Defendants, without authorization, regularly advertise, offer for sale, promote, exploit and otherwise distribute, within the state of New York and elsewhere, sound recordings owned by or licensed to Capitol. (Am. Compl. ¶ 25). Allegedly, these sound recordings sold by Defendants were manufactured by companies that have no legal right to manufacture or distribute the recordings within the United States. (Am. Compl. ¶ 21). In addition, it is alleged that in order to promote and advertise the sale of the infringing sound recordings, Defendants have used and adopted, without

authorization, registered trademarks owned by Capitol, including CAPITOL, BLUE NOTE, IMPERIAL, LIBERTY, and ALLADIN. (Am. Compl. ¶ 27).

The Amended Complaint alleges that this Court has personal jurisdiction over Defendants pursuant to NY CPLR § 302 because Defendants have transacted business within the state of New York, contracted to supply goods or services in the state of New York, and/or committed tortious acts without the state of New York causing injury to person or property within the state of New York. (Am. Compl. ¶ 6).

Plaintiff has communicated to Defendants that: (1) Plaintiff's common law claims are not limited to sales in New York; (2) financial injury has occurred in New York based on nationwide sales because Plaintiff is located here; (3) Plaintiff's common law claims are associated with Defendants' conduct nationwide; (4) Plaintiff is seeking a damage award that accounts for harm caused nationwide, and (5) Plaintiff is seeking damages assessed under New York law for torts committed nationwide. Moreover, in the process of discovery, Plaintiff sought information regarding sales of the albums at issue occurring outside of New York and indicated it was pursuing multi-jurisdictional relief/damages for its common law claims. For example, *Plaintiff Capitol Record Inc.'s First Set of Interrogatories to City Hall Records, Inc.* (See Zibas Decl. Ex. B) and *Plaintiff Capitol Record Inc.'s Second Set of Interrogatories to City Hall Records, Inc.* (See Zibas Decl. Ex. C) each sought in Interrogatory No. 1 therein identification of "*all* revenue City Hall has received from the sale of each of the Disputed Albums organized by the month the revenue was received" (emphasis added). As can be seen from the text of the interrogatory, the request for revenue information is without geographic limitation. Interrogatory No. 3 requests identification of "*every* client City Hall has sold any of the Disputed Albums to, including which albums, the quantities thereto and the date(s) of the sales.

The parties have had numerous conversations and exchanged correspondence (see e.g., letters dated May 12, 2008 and July 3, 2008 from Jura Zibas, Zibas Decl. Ex. D),[1] on the subject of whether Plaintiff is entitled to multi-jurisdictional relief/damages. Defendants have presented arguments supporting their position that Plaintiff may only collect damages for injury sustained in New York. However, Plaintiff is refusing to withdraw its claims to the extent they seek multi-jurisdictional relief/damages.

Defendants again brought up the issue in a July 23, 2008 letter to Magistrate Judge Fox wherein they preliminarily sought permission to file a motion for a protective order against Plaintiff's request for information relevant to damages sustained outside of New York State. (Zibas Aff. Ex. E). Notwithstanding Defendants' belief that Plaintiff cannot collect multi-jurisdictional damages for its common law claims, and Defendants' belief that they would have been entitled to a protective order, Defendants fully disclosed all of the information requested by Plaintiff, thereby obviating the need to pursue the request for a protective order. Although Defendants disclosed all the information requested by Plaintiff, Defendants continue to assert that Plaintiff is not entitled to multi-jurisdictional relief/damages on the common law claims. Despite the parties' best efforts, no resolution has been reached with respect to the issue of multi-jurisdictional relief/damages. Defendants bring this motion to settle the matter.

## ARGUMENT

### POINT I

### THE STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is only appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] A May 30, 2008 letter from Matthew J. Oppenheim to Jura Zibas has been intentionally omitted because it was issued for settlement purposes only.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must accept as true the nonmoving party's contentions, if supported by affidavits or other competent evidence. *Asbestos Workers Syracuse Pension Fund v M.G. Indus. Insul. Co.*, 875 F.Supp. 132, 136 (N.D.N.Y. 1995). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact, and all inferences and ambiguities are resolved in favor of the party against whom summary judgment is sought. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the movant meets that burden, the burden then shifts to the party opposing the motion to demonstrate a genuine dispute as to one or more of the material facts. *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 389 (2d Cir. 1998). In doing so, the opposing party cannot rest on mere allegations or denials of the facts asserted by the movant, nor can he rely on his pleadings or merely conclusory factual allegations. *Id., see also Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 526 (2d Cir. 1994). Additionally, the opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party "must present specific evidence in support of the contention that there is a genuine dispute as to material facts." *Schweizer*, 93 F. Supp. 2d at 389.

"[W]hen the nonmoving party fails to make a showing on an essential element of its case to which it bears the burden of proof, summary judgment will be granted." *Allianz Insurance Company v. Lerner*, 305 F. Supp. 2d 191, 195 (E.D.N.Y. 2004); *see also Celotex*, 477 U.S. at 323.

"Partial summary judgment" or "summary adjudication," where the Court disposes of some but not all claims or issues within a claim, is also permitted. *See* Fed.R.Civ.P. 56(c), (d). "In cases that involve complicated fact patterns and multiple causes of action, summary judgment may be

proper as to some causes of action but not as to others, or as to some issues but not as to others, or as to some parties but not as to others . . . ." *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981).

The record before the Court in this case makes clear that there is no genuine issue of material fact here with respect to claims for multi-jurisdictional damages. The Court may (and should) therefore decide the claims for multi-jurisdictional damages on summary judgment.

### POINT II
### PLAINTIFF'S CLAIMS FOR MULTI-JURISDICTIONAL RELIEF/DAMAGES MUST BE DISMISSED AND ANY DAMAGES SOUGHT MUST BE LIMITED TO DAMAGES ARISING FROM ACTIVITY IN NEW YORK STATE

#### A. A STATE'S COPYRIGHT LAW DOES NOT EXTEND BEYOND ITS BORDERS

The common law copyright damages plaintiff is seeking should be limited to New York because the copyright claims are brought under the common law of New York, which has limited application to New York. Exclusive copyrights granted by a State are confined to its borders. *Goldstein v. California*, 412 U.S. 546 (1972), abrogated in part on other grounds by 17 U.S.C. Sec. 301. *See also Factors Etc., Inc. v. Pro Arts, Inc.*, 496 F. Supp. 1090, 1098 (S.D.N.Y. 1980) overruled on other grounds; *Heilman v. Wolke*, 427 F.Supp. 730 (E.D. Wis. 1977). The Supreme Court stated in *Goldstein* that "a copyright granted by a particular State has effect only within its boundaries," and if "one State grants such protection, the interests of States which do not are not prejudiced since their citizens remain free to copy within their borders those works which may be protected elsewhere." *Goldstein*, 412 U.S. at 558. Accordingly, Plaintiff would not be able to recover multi-jurisdictional damages based on New York common law copyright. To collect damages for sales in other states by a California corporation which would not be deemed infringing sales under the law in other states would be contrary to the principle articulated by the United States Supreme Court, that a state's common law copyright laws are restricted to that state's borders and citizens of other states would remain free to copy within their borders. In fact, *Capitol Records, Inc.*

*v. Naxos of America, Inc.*, concluded that "New York provides common law copyright protection to sound recordings not covered by the federal Copyright Act. . .*if the alleged act of infringement occurred in New York.*" 797 N.Y.S.2d 352, 367 (N.Y. 2005) (emphasis added).

### B. LONG ARM STATUTE DOES NOT PERMIT RELIEF/DAMAGES OUTSIDE NEW YORK

The Amended Complaint alleges that this Court has personal jurisdiction over Defendants pursuant to New York's long arm statute, N.Y.C.P.L.R § 302, because Defendants have transacted business within the state of New York, contracted to supply goods or services in the state of New York, and/or committed tortious acts without the state of New York causing injury to person or property within the state of New York. (Am. Compl. ¶ 6).[2] Based on these allegations, it is evident that Plaintiff is claiming that jurisdiction over Defendants exists pursuant to N.Y.C.P.L.R § 302(a)(1) and § 302(a)(3). Section 302(a)(1) and § 302(a)(3) of New York's long arm statute provide that a court may exercise jurisdiction over a non-domiciliary who:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> (3) commits a tortious act without the state causing injury to person or property within the state. . .if he:
>     (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>     (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y.C.P.L.R. § 302(a).

In order to establish personal jurisdiction under CPLR § 302(a)(1), a plaintiff must establish not only that defendant transacted business within the state or contracts to supply goods or services

---

[2] Defendants do not address whether personal jurisdiction exists over Defendants under either section of the New York long arm statute, and reserve all rights with respect to same. Instead, it is merely assumed *arguendo* for the limited purposes of this motion that personal jurisdiction exists over Defendants, and discussion on personal jurisdiction is limited to issues implicating damages.

within the state, but also that the claim asserted arose from that business activity. *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004); *Agency Rent A Car Sys., Inc. v. Grand Rent a Car Corp.*, 98 F.3d 25, 31 (2d Cir. 1996). Jurisdiction under § 302(a)(1) is thus limited to claims arising from the business activity within the State. "New York, in enacting § 302 has not sought to obtain full *in personam* jurisdiction over non-domiciliaries who transact business within its boundaries. Rather, New York has limited itself to jurisdiction only in those 'causes of action' arising out of activity conducted within the state." *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir. 1966). In fact, long arm jurisdiction is so carefully circumscribed that a "court must determine the issue of personal jurisdiction separately for each cause of action." *Riviera Trading Corp. v. Oakley, Inc.*, 944 F.Supp. 1150, 1156 (S.D.N.Y. 1996). Because jurisdiction is limited to claims based on business activity conducted in New York, it naturally follows that damages must be limited to injury flowing from such activity restricted within the state. New York "long arm jurisdiction cannot provide a sufficient predicate for awarding relief" where damages are sought for losses sustained inside and outside of New York." *Comptoir de L'Industrie Textile de France v. Fiorucci, Inc.*, 78 Civ. 3923 (HFW), 1979 U.S. Dist. LEXIS 13022, *9 (S.D.N.Y. 1979) (noting that CPLR 302(a)(1) and 302(a)(3) "provide a basis for awarding relief only with regard to defendant's New York activities," "[c]onsequently. . . damages against Fiorucci, S.A. would be limited to injuries resulting from defendant's copyright infringement in this state").

Jurisdiction under CPLR § 302(a)(3) is predicated on financial injury that has occurred in New York. Plaintiff advised Defendants that financial injury has occurred in New York based on nationwide sales because Plaintiff is located here. Plaintiff's position is untenable because under New York law, "the occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where

the underlying events took place outside New York." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001). By contrast, in some states, Plaintiff's mere location within the state may be sufficient to confer jurisdiction upon courts of that state, and thus may be a sufficient predicate to collect damages for activity ocurring outside that state. S*ee e.g., Publ'ns Int'l, Ltd. v. Harris Publ'ns*, No. 80 C 5258, 1981 U.S. Dist. LEXIS 14144, *15 (N.D. Ill. April 30, 1981) (stating that because plaintiff was an Illinois resident, "jurisdiction would be sustained even over the out-of-state sales on the theory that the damage to the plaintiff, i.e. the economic loss it suffered by reason of the defendant's unfair competition, occurred in Illinois irrespective of where the goods were actually sold"). However, this does not hold true in New York because personal jurisdiction depends upon a direct injury within the State and a "closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there." *Fantis Foods, Inc. v. Standard Importing Co.*, 425 N.Y.S.2d 783, 787 (N.Y. 1980). As such, under New York law, because Defendants are located in California, any sales made to states outside of New York did not cause injury within the State of New York for purposes of long arm jurisdiction, regardless of the fact that Plaintiff is located in New York. However, injury in the form of lost sales or lost customers may constitute injury for long arm jurisdiction, but only if those lost sales or lost customers are within the New York market. *Overseas Media, Inc. v. Skvortsov*, 407 F.Supp. 2d 563 at 575 (S.D.N.Y. 2005) ("Several courts have articulated the types of harm that will satisfy the 'injury to person or property within the state's requirement under CPLR 302(a)(3) for infringement actions. 'Injury within the state includes harm to a business in the New York market in the form of lost sales or customers'" ); *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 568 (S.D.N.Y. 2000); *Darby Trading Inc. v. Shell Int'l Trading*, 07-CV-0400 (KMK)(GAY), 2008 U.S.

Dist. LEXIS 25980, *17 (S.D.N.Y. 2008). Consequently, any damages must be limited to lost sales and/or customers in New York.

Damages, whether for common law copyright, unjust enrichment or unfair competition must thus be limited to: (1) damages stemming from business activity within New York; and/or (2) injury in the form of lost sales and/or customers within New York. Damages cannot be collected if sustained outside New York.

### C. MULTI-JURISDICTIONAL DAMAGES ARE NOT PERMITTED UNDER NEW YORK LAW OUTSIDE THE LIMITED CONTEXTS OF DEFAMATION AND RIGHT OF PUBLICITY

Under New York law, the collection of multi-jurisdictional damages is permitted in the limited context of defamation and, in some instances, right of publicity claims, wherein the "single publication rule" applies. The "single publication rule" limits plaintiffs to only one action and permits plaintiffs to recover in that action "all damages suffered in all jurisdictions" as to any single publication. *Cuccioli v. Jekyll & Hyde Neue Metropol*, 00 civ. 1995 (LAK), 150 F.Supp.2d 566, 574 (S.D.N.Y. 2001). The single publication rule "reduces the possibility of hardship to plaintiffs by allowing the collection of all damages in one case commenced in a single jurisdiction." *Firth v. New York*, 747 N.Y.S.2d 69, 71 (N.Y. 2002). The rule was adopted "in recognition of the vast multiplicity of suits which could arise from mass publications which transcend a variety of medias and state lines, and the attendant problems of choice of law, indefinite liability, and endless tolling of the statute of limitations." *Khaury v. Playboy Publ'ns., Inc.*, 430 F.Supp. 1342, 1345 (S.D.N.Y. 1977).

The single publication rule was first adopted by the New York Court of Appeals in *Gregoire v. G.P. Putnam's Sons*, 298 N.Y. 119 (N.Y. 1948), which was limited to the defamation context: "the publication of a defamatory statement in a single issue of a newspaper, or a single issue of a magazine, although such publication consists of thousands of copies widely distributed, is, in legal

effect, one publication which gives rise to one cause of action and that the applicable statute of limitations runs from the date of that publication." 298 N.Y. at 123. Subsequent cases have adopted the rule in the right of publicity context for claims arising under *New York Civil Rights Law Sections 50* and *51*, New York's invasion of privacy statute which forbids commercial appropriation of names and likenesses.

*Khaury*, 430 F.Supp. 1342, *supra*, was the first case to apply the single publication rule to the context of the right of publicity. *Khaury* based its decision on the Uniform Single Publication Act, 9C Uniform Law Annotated, which codified the single publication rule to address defamation and provides:

> § 1. No person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance, such as any one edition of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture. Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions.

*Khaury*, 430 F.Supp. 1342, 1345 n. 3.

However, there is some conflict within courts in the Southern District as to whether multi-state damages may be collected under *New York Civil Rights Law Sections 50* and *51*, and *Khaury* has not always been followed. In *Cuccioli*, *supra*, the court concluded that "as New York courts uniformly have held, the substantive law of New York is that one may recover for trade or commercial use of one's likeness only to the extent that the use occurs in New York." 150 F.Supp.2d 566 at 575. *See also Reilly v. Rapperswill Corp.*, 377 N.Y.S.2d 488, 492 (N.Y. Sup. Ct. App. Div. 1975) (motion for preliminary injunction limited to defendant's activities in the State of New York).

In any event, New York courts have not applied the single publication rule beyond the limited contexts of defamation and right of publicity. In particular, New York courts have not applied the single publication rule to unfair competition, unjust enrichment or copyright infringement claims. Notably, the only copyright case that considered applying the single publication rule through "the analogy of mass media defamation" to broadcasting in the copyright context found that the analogy was "tempting, [but] unhelpful . . . and, in addition, raises more problems than it solves." *Davis v. E.I. DuPont de Nemours*, 249 F.Supp. 329, 338 (S.D.N.Y. 1966). Moreover, there is no statute similar to the Uniform Single Publication Act, specifically authorizing the recovery of common law copyright infringement damages suffered by a plaintiff in all jurisdictions. The rule is aimed at torts arising out of a publication of mass media, which includes books, newspapers, radio, television, movies and the internet. *See e.g., Firth*, 747 N.Y.S.2d at 73. The complaint at issue does not allege any copyright infringement out of a publication of mass communication.

In *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) the Supreme Court of the United States concluded that a petitioner in a libel action may properly seek multi-state damages in New Hampshire specifically due to "the combination of New Hampshire's interest in redressing injuries that occur within the State and its interest in cooperating with other States in the ***application of the 'single publication rule'***" (emphasis added). 465 U.S. 770, 778. *Keeton* thus demonstrates that jurisdiction to seek multi-state damages is limited to instances where the single publication rule is implicated and suggests that in the absence of the single publication rule, a petitioner could not seek multi-state damages. Moreover, the Supreme Court emphasized that to "conclude petitioner may seek multi-state damages . . .is not to conclude that such damages should, in fact, be awarded. The actual applicability of the 'single publication rule' in the peculiar circumstances of this case is a

matter of substantive law, not personal jurisdiction. We conclude only that the District Court has jurisdiction to entertain petitioner's multistate libel suit." *Keeton*, 465 U.S. 770, 778 n. 9.

Based on the foregoing, multi-state damages are available only in instances wherein the single publication rule applies. Because the single publication rule does not apply to this action as there are no defamation or right of publicity claims involved, Plaintiff's claims for damages to the extent Plaintiff seeks damages arising from sales outside of New York should be dismissed as a matter of law.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the Court should grant Defendants' motion for partial summary judgment and hold, as a matter of law, that Capitol's damages claims must be limited to damages resulting from activity in New York or injury sustained in New York in the form of lost sales or customers in New York.

Dated: New York, New York
August 22, 2008

Respectfully submitted,

\_\_\_\_\_/s/ Jura Zibas\_\_\_\_\_
Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
199 Water Street, 25th Floor
New York, New York 10038
Tel.: (212) 232-1300
Fax.: (212) 232-1399

*Attorneys for City Hall Records, Inc. and Robin Cohn*
